**AMERICAN DREDGING COMPANY**

v.

**LOCAL 25, MARINE DIVISION, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL–CIO**

and

Stephen J. Leslie, Joseph F. Erhmann, William F. Zenga and Vincent Motzel, Individually and as Trustees.

Civ. A. No. 34450.

United States District Court
E. D. Pennsylvania.
Dec. 20, 1963.

Krusen, Evans & Byrne, Eugene R. Lippman, Philadelphia, Pa., Lazarus & Levin, Harvey B. Levin, Philadelphia, Pa., for plaintiff.

Marshall J. Seidman, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

The apparent immediate issue before us in this case is plaintiff's motion for preliminary injunction which, as plaintiff knew, we are powerless to grant. The underlying and critical issue upon which the plaintiff seeks determination is whether this Court has such jurisdiction of the controversy in this case as will sustain its removal here from the State Court and support a refusal of remand thereto.

From the stipulations, admissions and evidence we make the following:

## FINDINGS OF FACT

1. Plaintiff is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. It is an employer within the meaning of § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185.

2. Defendant, Local 25, Marine Division, International Operating Engineers, AFL-CIO, is an unincorporated association with an office at 2604 South 4th Street, Philadelphia, Pennsylvania. It is a labor organization representing employees in an industry affecting commerce, within the meaning of § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185.

3. Defendants, Stephen J. Leslie, William F. Lenga, Joseph C. Ehrmann and Vincent Motzel, are, respectively, the President, Business Representative, Philadelphia Business Agent and Special Representative of the defendant Union.

4. Plaintiff has joined the aforesaid Union officials as trustees ad litem for the defendant Union, and as defendants in their individual capacities.

5. At all times material to plaintiff's cause of action, plaintiff has owned and operated, and does own and, except as prevented by the concerted work stoppage hereinafter mentioned, is operating various dredges and other floating equipment or plants in the Port and Harbor of Philadelphia, performing services for the United States of America, public utilities and private parties.

6. Plaintiff employs approximately 400 employees aboard its floating equipment.

7. Defendant Union has been certified by the National Labor Relations Board as the representative of the employees of plaintiff for the purpose of collective bargaining.

8. At all times material to plaintiff's cause of action, there existed valid and subsisting collective bargaining agreements between plaintiff and defendant Union, which contained clauses prohibiting strikes, work stoppages, or slowdowns, and providing for binding arbitration procedure to settle disputes between the parties.

9. On or about midnight October 31, 1963, the members of defendant Local 25 commenced a concerted work stoppage aboard plaintiff's dredges, tow boats and drill boat, and said concerted work stoppage still continues.

10. Defendant Local 25 has never made any request for arbitration of any dispute or alleged dispute giving rise to said concerted work stoppage.

11. Plaintiff at all times has been, and still is, willing to arbitrate any dispute in accordance with the provisions of its collective bargaining agreements, and has communicated such willingness to defendant Local 25.

12. The concerted mass work stoppage caused a complete cessation and suspension of plaintiff's work, and plaintiff is unable to continue its dredging and drill boat operations.

13. Plaintiff has been obliged to discontinue dredging operations under contracts with the United States of America, various public utilities and private individuals in and about the Harbor and Port of Philadelphia.

## DISCUSSION

The facts, so far as presently material, are undisputed, and we turn to consideration of the legal questions presented.

This action was instituted in the Court of Common Pleas of Philadelphia County. On November 1, 1963, that Court issued an ex parte injunction temporarily restraining the defendant Union, its officers, etc., from violating the no-strike clauses of the collective bargaining agreements and fixed November 6 as the time for hearing on plaintiff's motion to continue such injunction. However, on November 4 defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 et seq. Thereupon, on the same day, plaintiff moved this Court to remand. After hearing, the motion to remand was denied.

The complaint, as originally filed in the Court of Common Pleas, prayed for injunctive and "such other relief as the Court may deem appropriate." Following denial of its motion to remand, plaintiff filed [1] a "renewed" motion to remand

---

1. In the one day interval plaintiff unsuccessfully sought a writ of prohibition or mandamus in the Court of Appeals.

and simultaneously amended its complaint to add the following paragraph to the prayer for relief:

"Plaintiff, by this Complaint, solely seeks injunctive relief and Plaintiff expressly foregoes and releases in this suit and for the purposes of this suit alone, any claim or demand for damages or money judgment, which this Court may order under its power and authority incidental to its equitable jurisdiction."

Upon denial, after hearing, of its "renewed" motion to remand, plaintiff moved to certify the question of jurisdiction to the Court of Appeals under 28 U.S.C. § 1292(b). This motion, too, was denied. Plaintiff then moved for preliminary injunction and a hearing was had at the conclusion of which defendants moved for dismissal of the motion for preliminary injunction.

Plaintiff contends that, since the complaint, as now amended, seeks injunctive relief only, and expressly disclaims any other type of relief in this action, this Court lacks jurisdiction of the action under § 4 of the Norris-LaGuardia Act, which, with exceptions not here material, bars Federal Courts from issuing injunctions "in any case involving or growing out of any labor dispute."

■ We disagree. This Court has jurisdiction of the action, in our view, under § 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185 (a):

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Plaintiff is an employer, and defendant Union is a labor organization representing employees in an industry affecting commerce, as those terms are defined in the statute. 29 U.S.C. § 152. The suit is one for violation of a contract between the plaintiff employer and defendant labor organization. This Court's jurisdiction seems clear.

■■ We think plaintiff's argument fails to distinguish between this Court's *jurisdiction* and its power to grant the relief demanded. "As frequently happens, a contention that there is some barrier to granting plaintiff's claim is cast in terms of an exception to jurisdiction of subject matter." Lauritzen v. Larsen, 345 U.S. 571, 575, 73 S.Ct. 921, 924, 97 L.Ed. 1254 (1953). The distinction between subject-matter jurisdiction and other matters with which it often is confused is pointed out in 21 C.J.S. Courts § 35, p. 45:

"Jurisdiction of the subject matter is essential in every case. Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent on the existence of a good cause of action in plaintiff in a cause pending before the court; nor upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, *or plaintiff's right to the relief demanded,* the regularity of the proceedings, or the correctness of the decision rendered." (emphasis supplied).

■ In our view, this Court has jurisdiction, notwithstanding that injunctive relief is now the sole relief demanded. Moreover, this Court unquestionably had jurisdiction, as plaintiff tacitly concedes, to grant the "other appropriate relief" demanded in the original complaint. We do not believe that plaintiff could, by amendment or other means, deprive this Court of jurisdiction acquired through removal. In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, p. 292, 58 S.Ct. 586, p. 592, 82 L.Ed. 845 (1938), a closely analogous case, it was held:

"And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the re-

quisite amount, this does not deprive the district court of jurisdiction."

We note further Federal Rule of Civil Procedure 54(c), which, in relevant part, provides:

"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

We think this obligation—or residual power—to grant all appropriate relief, whether or not it is demanded, is confirmatory of a jurisdiction which cannot be divested by the artifice of the plaintiff in limiting its claim to the single form of relief which § 4 of the Norris-LaGuardia Act presently precludes.

We conclude, therefore, that this Court does have jurisdiction of this action for violation of the collective bargaining agreement between the parties.

On the merits of the pending motion, we are, of course, without power to grant injunctive relief because of § 4 of Norris-LaGuardia, since this is a "case involving or growing out of a labor dispute," within the meaning of the Act. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

Plaintiff's motion for a preliminary injunction will, therefore, be denied.

CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter.

2. The collective bargaining agreements between the parties constitute valid and subsisting contracts.

3. Defendants, or some of them, violated the contracts by engaging in a concerted work stoppage, and have persisted and do persist in such violation.

4. This case involves or grows out of a labor dispute within the meaning of § 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104.

5. This Court is without power, under § 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104, to issue an injunction restraining defendants' concerted work stoppage.

6. Plaintiff's motion for a preliminary injunction must be denied.