**FOOD FAIR STORES, INC., a corporation, Plaintiff,**

v.

**RETAIL CLERKS DISTRICT COUNCIL NUMBER 11, et al., Defendants.**

**Civ. A. No. 35239.**

United States District Court
E. D. Pennsylvania.
March 11, 1964.

Shapiro, Rosenfeld, Stalberg & Cook, by Harry Shapiro, and Philip P. Kalodner, Philadelphia, Pa., Theodore O. Rogers, West Chester, Pa., for plaintiff.

Meranze, Katz & Spear, Philadelphia, Pa., by Bernard N. Katz and Leonard Spear, John E. Walsh, Jr., Philadelphia, Pa., Plone, Tomar, Seliger & Parks, by David Seliger, Camden, N. J., for defendants.

WOOD, District Judge.

This labor matter is before the Court on the plaintiff's motion to remand its complaint in equity to the Court of Common Pleas of Chester County, Pennsylvania.

After an extensive conference with counsel in chambers and later oral argument in Court we make the following findings of fact and conclusions of law based upon the briefs of counsel, the pleadings, and the record in this case.

### FINDINGS OF FACT

1. The plaintiff, Food Fair Stores, Inc., operates a large chain of retail food markets as well as a wholesale operation throughout the United States to the annual gross revenue which exceeds $1,000,000,000.

2. Approximately 174 of the plaintiff's stores in New Jersey, Pennsylvania and Delaware are the subject of a labor dispute involving the plaintiff and the defendant local unions.

3. The defendant Retail Clerks District Council Number 11 (hereinafter referred to as "union") is an unincorporated association and is a voluntary labor organization consisting of a number of constituent local unions and a great number of members, too numerous in number to be named herein.

4. There exists a collective bargaining agreement dated July 13, 1962 between the plaintiff and the union which was to be effective from June 3, 1962 until March 6, 1965 and is still in full force and effect.

5. Article XXI of the agreement contains a clause prohibiting strikes and work stoppages by the union against the plaintiff during the life of the agreement.

6. Section 2 of Article XXI provides for arbitration of any disputes which the parties cannot amicably settle between themselves.

7. The plaintiff also owns and operates a chain of retail discount stores as a subsidiary known as J. M. Fields, Inc. (hereinafter referred to as "Fields").

8. Within the territory covered by the agreement Fields operates one store in Stratford, New Jersey. This store was opened on October 30, 1962.

9. About the time that the Fields store was opened and throughout the year 1963 the union made demands upon Fields to extend the aforementioned collective bargaining agreement to Fields' employees in the Stratford store as well as other Fields' stores located in New Jersey and Pennsylvania.

10. This attempted extension of the agreement was unsuccessful and the union engaged in a strike and work stoppage at Food Fair Stores in Pennsylvania, New Jersey, Maryland and Delaware on November 14, 1963, to force the plaintiff to accede to the union's demands.

11. After obtaining an ex parte restraining order on November 14, 1963, from the Court of Common Pleas of Philadelphia County against Local Union 1357 and others, the plaintiff and the union executed a memorandum agreement extending the provisions of the collective bargaining agreement to cover the *food* employees of the Fields' stores in New Jersey and Pennsylvania.

12. With regard to the *non-food* operations of the Fields' stores the parties agreed to enter upon negotiations forthwith to reach an agreement within thirty days from November 14, 1963.

13. In the course of the truce there was a brief strike and work stoppage on December 17, 1963 in eight of the plaintiff's food stores in New Jersey and Pennsylvania.

14. Negotiations broke down completely and on February 13, 1964, and continuing to date, a strike and work stoppage has been in existence at the plaintiff's stores located in New Jersey, Pennsylvania and Delaware.

15. During November 1963 at the outset of the dispute the Union sought arbitration which the plaintiff attempted to enjoin by suit in the Federal Court, subsequently the Agreement of November 14, 1963 resulted in a withdrawal of all suits, the arbitration and the suit to enjoin the arbitration.

16. To enjoin alleged mass picketing of its stores the plaintiff obtained various ex parte restraining orders in New Jersey and Pennsylvania.

17. Thereafter, the plaintiff filed the instant complaint in equity with the Court of Common Pleas of Chester County averring that the plaintiff was suffering irreparable harm from the continuation of the work stoppage and strike and prayed the Court to issue an injunction against the defendants to enjoin the picketing and work stoppage then in existence at the plaintiff's stores under Section 4(a) of the Pennsylvania Labor Anti-Injunction Act (43 P.S. § 206d(a)).

18. Thereupon, upon affidavit attached to the complaint, the Court of Common Pleas of Chester County issued the following ex parte restraining order dated March 3, 1964:

"(CAPTION)

"PRELIMINARY INJUNCTION AND ORDER FOR HEARING

"AND NOW, this 3rd day of March, 1964, upon consideration of the Complaint in Equity and Injunction Affidavits in the above captioned case and it appearing to the Court that immediate and irreparable damage and injury will result to the Plaintiff before the case can be fully heard on its merits if this special injunction be not issued, it is on motion of counsel for Plaintiff.

ORDERED AND DECREED

"1. That an injunction be issued, preliminary to hearing, enjoining and restraining the Defendants and any other persons acting on behalf of them or any of them:

"(1) From directing the employees of Food Fair Stores, Inc. who are members of Local 1357, Local 1349, Local 1393 and District Council to refuse to work.

"(2) From refusing to order the employees of Food Fair Stores, Inc.

who are members of Local 1357, Local 1349, Local 1393 and District Council, to return to work.

"(3) From refusing to return to work.

"(4) From taking any action or pursuing any course of conduct which is intended to or has the necessary effect of violating, interfering with, or disturbing the present contractual relationship between Food Fair Stores, Inc. and the Defendant Unions.

"(5) From any picketing of Plaintiff's stores or establishments pursuant to the strike enjoined by this order.

"(6) From doing any act in any way indicating to the public or creating the public appearance that a labor dispute exists at the plaintiff's stores or establishments or between Plaintiff and its employees.

"2. That a hearing on Plaintiff's application for a Preliminary Injunction be and it is hereby fixed for March 6, 1964, at 11:00 o'clock A.M. in Room 1, Court House, West Chester, Pennsylvania.

"3. Security to be entered in the amount of $15,000 Dollars and the bond of Fidelity and Deposit Company of Maryland is approved as surety.

"IT IS FURTHER ORDERED that true but uncertified copies of the Complaint and of this Order may be served upon each of the association defendants and upon each individual defendant.

"IT IS FURTHER ORDERED that Plaintiff have leave to serve additional copies of this Order which need not to be certified upon any of the defendants and upon any of the persons acting in concert or combination with the defendants or any of them.

/s/ Thomas A. Riley, J."

19. Copies of this restraining order were served upon the union in New Jersey, Pennsylvania and Delaware.

20. On March 5, 1964, the union removed the instant proceeding to the United States District Court for the Eastern District of Pennsylvania and the restraining order was dissolved by this Court upon the motion of the union.

21. The plaintiff on March 5, 1964, filed the present motion to remand this proceeding to the Court of Common Pleas of Chester County, Pennsylvania.

22. A conference was held in chambers with counsel for the parties on Thursday, March 5, 1964, which was not transcribed.

23. On Monday, March 9, 1964, a hearing was held on the plaintiff's motion to remand which consisted solely of oral argument presented by both parties.

24. Other litigation in this matter is pending in the Courts of New Jersey, and Pennsylvania regarding damage actions filed by the plaintiff for breach of contract against the union. These actions are in addition to suits brought in New Jersey and Pennsylvania to restrain certain conduct in conjunction with picketing.

25. The labor law of New Jersey and Delaware does not provide the type of relief which the plaintiff sought in this complaint filed in Chester County, Pennsylvania.

## DISCUSSION

The plaintiff attacks the jurisdiction of this Court to consider this complaint in equity removed from the State Court because we are precluded from issuing an injunction by Section 4 of the Norris-La Guardia Act, which bars Federal Courts from issuing injunctions "in any case involving or growing out of any labor dispute." 29 U.S.C.A. § 104.

It is further argued by the plaintiff that by utilizing the removal statute 28 U.S.C.A. § 1441 the union is attempting to divest the plaintiff of a recognized right to injunctive relief under Pennsylvania law. Furthermore, if this Court refuses his motion to remand we would in effect be reversing the Supreme Court of Pennsylvania which has held that it has the power to grant injunctions against the breach of a no-strike clause.

The defendant disputes the plaintiff's arguments by contending that § 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185 (a), vests this Court with jurisdiction of suits between employers and unions for breach of collective bargaining agreements. While the defendant agrees that we cannot issue an injunction because of § 4 of the Norris-La Guardia Act, this fact alone does not prevent this Court from considering the matter, since the plaintiff's *prayer for relief* cannot determine when Federal jurisdiction attaches to a civil action.

The defendant further contends that since this is a suit between an employer engaged in an industry affecting Interstate Commerce, and a union, alleging a breach of a collective bargaining agreement that all the jurisdictional elements under § 301 of the Taft-Hartley Act are present.

The question of jurisdiction presented by this motion is unsettled in this Circuit and throughout the United States.

There has been brought to our attention two unreported decisions by this Court, the factual background of which we are not fully aware, which have held that no jurisdiction lies in a United States District Court to consider a complaint which seeks an injunction in a labor dispute.[1]

A recent case by our learned colleague Judge Kraft, American Dredging Company v. Local 25, etc., et al., 224 F.Supp. 985 (E.D.Pa.1963), held that jurisdiction of the *subject matter* of a suit alleging a breach of a collective bargaining agreement brought by an employer against a union is not divested merely because the plaintiff limits its prayer for relief to an injunction. Judge Kraft denied a motion to remand the case and held that § 301 of the Taft-Hartley Act clearly vested the District Court with jurisdiction even though the Court might lack the power to grant the relief requested.

That such jurisdiction of § 301 suits exists concurrently in State and Federal Courts is unquestioned since the decisions of the United States Supreme Court in Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); and Local 174, Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). The substantive law to be applied in such suits is Federal law to be fashioned from the policy of our national labor laws. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 457, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957).

While Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962), reaffirmed the established principle of § 4 of Norris-La Guardia that a Federal Court is barred from issuing an injunction in a labor dispute we do not accept it as authority for the plaintiff's argument that this Court is without jurisdiction to even *consider* a complaint which prays for such relief in a civil action between an employer and a union arising out of a breach of a collective bargaining agreement. The jurisdiction of this Court does not depend upon the ingenuity of the form of a complaint in equity.

While the complaint in this action solely seeks injunctive relief, Fed.R.Civ.P. 54(c) provides this Court with the power to "grant the relief to which the party in whose favor it is rendered is entitled,

1. See Philadelphia Marine Trade Assn., et al. v. International Longshoremen's Association, etc., et al., Civil Action No. 18747, Order dated March 24, 1955, remanding the case to the Court of Common Pleas of Philadelphia County; Penna. Garment Mfg. Assn. etc. v. Oscar Newman, etc., et al., Civil Action No. 23164, oral opinion remanding the case to the Court of Common Pleas, Schuylkill County, September 4, 1957.

Also see three decisions by Judge Stewart in Walker v. United Mine Workers of America, et al., 105 F.Supp. 608 (W.D.Pa.1952); Stripping Contractors v. United Mine Workers of America, et al., 105 F.Supp. 611 (W.D.Pa.1952); Butler v. United Mine Workers of America, et al., 105 F.Supp. 612 (W.D.Pa.1952), wherein he remanded three preliminary injunction proceedings to the State Courts of Pennsylvania.

even if the party has not demanded such relief in his pleadings."

"We think this obligation—or residual power—to grant all appropriate relief, whether or not it is demanded, is confirmatory of a jurisdiction which cannot be divested by the artifice of the plaintiff in limiting its claim to the single form of relief which § 4 of the Norris-La Guardia Act presently precludes." American Dredging Company v. Local 25, etc., et al., supra, p. 989 of 224 F.Supp.

■ That this question of jurisdiction is not free of doubt cannot be gainsaid by any serious student of the law. We do not intend to engage in any elaborate discussion of various nuances and meanings attributable to the word "jurisdiction." All we hold by this decision is that removal may be sustained and an application to remand denied "even if removal is effected only to be followed by a grantable motion to dismiss on the ground that though the cause is classifiable as a 301(a) suit, Norris-La Guardia forbids the award of the injunction sought." Tri-Boro Bagel Co. v. Teamsters, Bakery Drivers Union Local 802, 228 F.Supp. 720 (E.D.N.Y.1963).

From our "Findings of Fact" it is obvious that the controversial issue giving rise to the problem before us has been litigated in various forums within and without the Commonwealth of Pennsylvania. Issues involving the collective bargaining agreement, the right to strike, peaceful picketing and other issues have been litigated in counties other than Chester County in the Commonwealth of Pennsylvania, and, more particularly, in the States of New Jersey and Delaware, whose laws in the labor relations field, to the best of our knowledge, are not consistent with the laws of Pennsylvania.

While we consider it of little importance in determining the issue now before us, from the briefs and arguments both the plaintiff and the defendant agree that no prior notice of the petition for the restraining order was given to defendant by plaintiff prior to its presentment to the Court of Chester County. Both plaintiff and defendant argue that the effect of the restraining order issued by the Court of Chester County carries beyond the jurisdiction of that County and affects the activities of defendant, its agents, servants and employees not only in other counties in Pennsylvania but in states other than Pennsylvania.

We are not convinced that the order entered by the Court of Chester County intended or compelled such a result, but the fact remains that the parties to this controversy agree that it does. No notice was given by plaintiff to defendant until after the restraining order had been issued. The nature of this procedure in our opinion runs contrary to protecting "concerted activities for the purpose of collective bargaining or other mutual aid or protection." Sinclair Refining Co. v. Atkinson, supra, p. 202 of 370 U.S., p. 1333 of 82 S.Ct., 8 L.Ed.2d 440.

■ While admittedly the posture of this case causes irreparable injury to all parties concerned and further delay in ultimate determination of the issue may cause hardship to both plaintiff and defendant we cannot conclude otherwise than that the original issue raised presents a question that must be determined initially by the Federal Court.

## CONCLUSIONS OF LAW

1. We have jurisdiction of the parties and the subject matter under § 301 of the Taft-Hartley Act.

2. The plaintiff's motion to remand is DENIED.

## ORDER

AND NOW, this 11th day of March, 1964, the plaintiff's motion to remand is denied.