■ C. D. PERRY & SONS, INC., Respondent, v. NICHOLAS ROBILOTTO, as President of Local 294, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUF-FEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court at Special Term which, in an action for a permanent injunction to restrain defendant from striking or picketing at plaintiff's construction job site, granted plaintiff's application for a temporary restraining order enjoining such striking and picketing and denied defendant's cross motion to dismiss the complaint for insufficiency and lack of jurisdiction. There seems to be no substantial dispute respecting plaintiff's contention that the strike and concededly peaceful picketing contravened the "no-strike" provision of the parties' collective bargaining agreement. The decision at Special Term was specifically predicated upon the rationale of Mr. Justice BOOKSTEIN's opinion, written in this same case upon the granting of the initial application for a stay (39 Misc 2d 147), which, in our view, correctly expresses the law. As recently as at the time of the decision in *Dowd Box Co.* v. *Courtney* (368 U. S. 502 [1962]), the "relation of the Norris-LaGuardia Act to state courts applying federal labor law [had] never been decided", as was remarked in that case, with a reference to *McCarroll* v. *Los Angeles County Dist. Council of Carpenters* (49 Cal. 2d 45), which is perhaps the most fre-quently cited State court decision asserting continued State jurisdiction. (368 U. S. 502, 514, n. 8.) It is evident that in *Sinclair Refining Co.* v. *Atkin-son* (370 U. S. 195) the court was not ready to announce an abrogation of the States' authority to enjoin concerted activities violative of collective bargaining agreements; and this was well pointed up in Mr. Justice BRENNAN's dissenting opinion (370 U. S. 195, 226), in which, incidentally, the "leading" *McCarroll* case is again referred to. Absent any authoritative holding to the contrary, we are constrained to follow the decisions of the New York courts which hold that a strike in contravention of a collective bargaining agreement is not a "labor dispute" within the meaning of section 876-a of the former Civil Practice Act; that jurisdiction in such cases has not been pre-empted by Federal authority; and that such a strike may be enjoined. (*Dairymen's League Coop. Assn.* v. *Conrad,* 33 Misc 2d 914, affd. 16 A D 2d 869, app. dsmd. 12 N Y 2d 666; *McLean Trucking Co.* v. *Doyle,* 17 Misc 2d 478, affd. 8 A D 2d 789; *Anchor Motor Frgt. N. Y. Corp.* v. *Local Union No. 445,* 12 Misc 2d 757, affd. 5 A D 2d 869; and see *American Dredging Co.* v. *Local 25, Marine Div., Int. Union of Operating Engrs.,* 338 F. 2d 837, cert. den. 380 U. S. 935 [decided post *Sinclair, supra*].) Order affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.