G. Robert Wither, J.
The plaintiff has brought an action to enjoin the defendant from violating its agreement not to strike. Through an order to show cause, containing a temporary restraining order (Gabrierri, J.), the plaintiff has moved for an order restraining the defendant union, its agents, attorneys, servants, and associates and each and every member thereof and all persons acting in aid of or in concert with them during the pendency of this action (OPLE, art. 63) from, among other things, 11 B. Calling, directing, authorizing or promoting any strike, stoppage, slowdown or economic pressure by prohibiting or refusing overtime work against plaintiff during the existence of the collective bargaining agreement of May 1,1963.”
*926 The defendant has cross-moved for an order dismissing the complaint on the grounds that it fails to state facts sufficient to constitute a cause of action and that the court lacks jurisdiction of the subject matter of the action.
On May 1, 1963 the plaintiff and the defendant entered into a collective bargaining agreement for a three-year period, and it is still in effect. Section 1 of article XXV of the agreement provides as follows: ‘ ‘ During the term of this Agreement the Union and its officers, members, agents and representatives shall not direct, authorize, promote or participate in any act of strike, stoppage, slowdown, economic pressure through concerted action by employees in prohibiting or refusing overtime work, or any other interference with production (hereinafter called ‘ such acts ’), subject to Article I, XV, XIX and XX hereof.”
The plaintiff alleges in its complaint and in the affidavits in support of its motion herein (which for the purposes of this motion defendant admits by failure to deny), that on June 10, 1965 the defendant union placed a ban on overtime work by its members employed in the plaintiff’s coating plant. The plaintiff alleges that such ban is in breach of said agreement, that because of the special nature of plaintiff’s business the provision of the agreement quoted was inserted therein, that such ban or work stoppage will cause irreparable harm to plaintiff if not enjoined, and that plaintiff has no adequate remedy at law.
The defendant points out that article IX of the agreement provides in part “ Overtime shall be worked when necessary, by mutual agreement, provided: ” (emphasis added) that specified extra wages are paid therefor and the employee is given stated notice. The defendant argues that none of the men who work in the coating plant mutually agreed to work therein beginning June 10, and that they requested defendant’s president Sebastian and agent Biedenbach so to advise the plaintiff, and hence the work stoppage was ordered by defendant. By reason thereof defendants claim that a labor dispute exists, which automatically ousts this court of jurisdiction of the action, and under section 807 of the Labor Law renders this court powerless to grant an injunction without a hearing.
The first question confronting the court on this motion, therefore, is whether a labor dispute exists. It is noted that article XXV of the agreement providing in section 1 against a work stoppage has six additional sections containing provisions for the disposition of differences between management and labor. These provisions are graded into various successive steps to be taken by anyone aggrieved as may be necessary if the dispute has not been adjusted by means of a prior step; and the final *927 step is arbitration. Presumably, both the company and the union made concessions in order to obtain the respective benefits to which each is entitled under the agreement. One of such-benefits running to the plaintiff is that the defendant will not call a work ban during the term of the contract. Defendant’s contention that it has a right to call such a work stoppage despite the contract amounts to an assertion that the agreement binds the company but not the union. Our courts have held to the contrary — that agreements of this sort are equally binding upon the company and the union, and that a disagreement thereunder not processed as provided in the contract does not constitute a labor dispute. They have also held that the court has jurisdiction over an action to enforce such contract and to enjoin its violation. (Anchor Motor Frgt. v. Local Union No. 445, 5 A D 2d 869 ; Stewart Stamping Corp. v. Uprichard, 284 App. Div. 902, affg. 133 N. Y. S. 2d 579; Dairymen’s League Assn. v. Conrad, 33 Misc 2d 914, affd. 16 A D 2d 869; McLean Trucking Co. v. Doyle, 17 Misc 2d 478, affd. 8 A D 2d 789; Perry & Sons v. Robilotto, 39 Misc 2d 147, affd. 23 A D 2d 949; American Dredging Co. v. Local 25, Mar. Div., Int. Union of Engrs., 338 F. 2d 837, 853.)
It is to be observed that the contract makes ample provision for union members to iron out any grievances during the life of the agreement; -and that neither defendant nor any member of the union has attempted to settle any grievance which may exist herein, as provided in the agreement. As far as appears on this application defendant’s action in calling the work ban is a clear-cut violation of the contract. Upon the argument defendant’s counsel stated that only one employee had a grievance; but counsel insisted that the defendant has the right to exert economic pressure upon the plaintiff to correct that grievance without resort to the above-mentioned provisions of the contract. In view of the authorities cited above the court must hold to the contrary.
Defendant’s cross motion to dismiss the complaint is therefore denied.
The preliminary injunctive relief requested by the plaintiff, to the extent above quoted, is granted during the pendency of this action. The bond heretofore filed by the plaintiff is continued for the duration of this injunction. Submit order accordingly.