**DIXIE MACHINE WELDING & METAL WORKS, INC., Plaintiff,**

v.

**MARINE ENGINEERS BENEFICIAL ASSOCIATION, Defendant.**

**Civ. A. No. 15705, Division B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 1, 1965.

Deutsch, Kerrigan & Stiles, Bernard Marcus, New Orleans, La., for plaintiff.

Dodd, Hirsch, Barker & Meunier, Thomas J. Meunier, New Orleans, La., for defendant.

AINSWORTH, District Judge:

This suit was originally filed in Civil District Court, Orleans Parish, Louisiana, and thereafter removed here by defendant. Plaintiff, Dixie Machine Welding & Metal Works, Inc., a ship-repair yard located at New Orleans, seeks to enjoin defendant, Marine Engineers Beneficial Association, a trade union, from picketing plaintiff's New Orleans yard. Plaintiff has no collective bargaining agreement with defendant. As a result of such picketing plaintiff alleges that its employees have been persuaded, induced or influenced to refuse to cross the picket line at plaintiff's yard and have refused to work on the S/S NANCY LYKES and the S/S JOSEPH T. LYKES, owned by Lykes Bros. Steamship Company, against whom defendant is striking. These actions, according to plaintiff, are causing irreparable damage to petitioner by interfering with its employees, customers and suppliers who are thus prevented from working for or doing business with plaintiff because of the existence of the picket line.

Although plaintiff alleges its conclusion that it is not engaged in a labor dispute, it is clear from the facts recited that the matter actually involves a labor dispute within the definition of the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, Section 113(c) thereof, which reads as follows:

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

Justice Black, in Marine Cooks & Stewards v. Panama Steamship Co., 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797 (1960), placed a broad construction on the term "labor dispute" as defined in the Norris-LaGuardia Act, and held on behalf of the Supreme Court that a labor dispute existed in a situation where even though there was no dispute between a shipowner and its employees there was picketing by a third party, the respondent union, which thus prevented the ship from discharging its cargo. Referring to the Norris-LaGuardia Act, Justice Black, speaking for the Court, said:

"That Act's language is broad. The language is broad because Congress was intent upon taking the federal courts out of the labor injunction business except in the very limited

circumstances left open for federal jurisdiction under the Norris-La-Guardia Act. The history and background that led Congress to take this view have been adverted to in a number of prior opinions of this Court in which we refused to give the Act narrow interpretations that would have restored many labor dispute controversies to the courts."

Section 104 of the Norris-LaGuardia Act enumerates specific acts not subject to restraining orders or injunctions, as follows:

*"No court of the United States shall have jurisdiction* to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

> \*   \*   \*   \*   \*   \*

"(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence;

> \*   \*   \*   \*   \*   \*

"(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified \* \* \*" (Emphasis supplied.)

Section 101 of the Norris-LaGuardia Act provides that:

*"No court of the United States,* as defined in this chapter, *shall have jurisdiction* to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter." (Emphasis supplied.)

It is clear that under the Norris-La-Guardia Act a federal court may not grant injunctive relief to plaintiff because it has no jurisdiction to do so.

Defendant contends, however, that the court has jurisdiction to entertain the suit under Section 301 of the Labor Management Relations Act (29 U.S.C.A. § 185) which provides that:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ Defendant union argues that this suit is based in part on the alleged breach of a collective bargaining agreement between the plaintiff employer and various labor organizations and for that reason arises under Section 301. This contention is erroneous, however, because there is no collective bargaining agreement between the parties to this suit. Plaintiff has alleged that the picketing of its operations prevents plaintiff's employees from reporting for work because they will not cross the picket line of defendant. While it is alleged by plaintiff that the activity of its employees (resulting from their refusal to cross the picket line of defendant) is being carried on in violation of the collective bargaining agreements between plaintiff and its employees, this suit is not against plaintiff's employees but against Marine Engineers Beneficial Association with which plaintiff has no agreement of any kind. Between the *parties* to this action, therefore, there is no collective bargaining agreement and this is not a "suit for violation of contracts between an employer and a labor organization" or between labor organizations which under Section 301 of the Labor Management Relations Act would confer jurisdiction in this court.

The United States Supreme Court, in considering the possible effect of Section 301 of the Labor Management Relations Act upon the anti-injunction provisions of the Norris-LaGuardia Act, expressly held that, "§ 301 was not intended to have any such partially repealing effect upon such a long-standing, carefully thought out and highly significant part of this country's labor legislation as the Norris-LaGuardia Act." Sinclair Refining Company v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). In footnote 16 to the Sinclair case it is stated:

"We need not here again go into the history of the Norris-LaGuardia Act, nor the abuses which brought it into being for that has been amply discussed on several occasions. * * It is sufficient here to note that the reasons which led to the passage of the Act were substantial and that the Act has been an important part of the pattern of legislation under which unions have functioned for nearly 30 years."

In American Dredging Co. v. Local 25, Marine Div., Int. Union Op. Eng., 1964, 338 F.2d 837, the Third Circuit held that a federal court lacked jurisdiction to enjoin a union's violation of a no-strike provision of a collective bargaining contract, because of the anti-injunction provisions of the Norris-LaGuardia Act, and instructed the district court to remand the case to the state court.[1]

Nor is this a civil rights case as contended by defendant which has referred the court to 28 U.S.C.A. § 1342, 28 U.S.C.A. § 1443 and 42 U.S.C.A. § 1983. The injunctive relief provided for in the Civil Rights Act as amended in 1964 is against discrimination on the ground of race, color, religion, or national origin, and has no application to the facts of this case.[2]

We do not determine whether the state court has jurisdiction in this case; that is a matter to be decided by the state court itself. However, defendant cannot complain of purported deprivation of its rights when the state court has yet taken

1. Defendant refers us to three district court decisions, Tri-Boro Bagel Co. v. Bakery Drivers Union Local 802, E.D. New York, 1963, 228 F.Supp. 720; Crestwood Dairy, Inc. v. Kelley, E.D. New York, 1963, 222 F.Supp. 614; and Food Fair Stores, Inc. v. Retail Clerks District Council No. 11, E.D.Pa., 1964, 229 F. Supp. 123. In each of these cases the employer sought to enjoin alleged breach of collective bargaining agreements by respondent unions, and in each it was held that the federal court had jurisdiction and refused to remand the matter to the state court. These cases combined the jurisdictional requirements of a Section 301 matter in that they were "suits for violation of contracts," and also sought the proscribed Norris-LaGuardia injunctions of labor disputes. They are clearly distinguishable from the instant case in which there is no contract and therefore no suit for a violation thereof, and consequently lacking in the jurisdictional requirements of Section 301. However, we believe the reasoning in American Dredging Co., supra, to be correct, and we would decline to follow the cited district court opinions even if they were not distiguishable on their facts.

We observe that the district judge in Food Fair Stores, supra, would be required to follow American Dredging also because it is a decision of his circuit court (Third Circuit).

2. Defendant cites two decisions of this court, namely, Gould et al. v. Wooton et al., Civil Action No. 6923, and Ohler et al. v. Wooton et al., Civil Action No. 11408, in which our brothers enjoined a Louisiana sheriff from interfering with plaintiffs' right to peaceful picketing. Defendant compares these cases with the present situation and states that the end result would be the same if the state court on remand should enjoin defendant from picketing plaintiff's ship-repair yard. We are unable to agree with the reasoning, and do not believe the cited cases have any bearing on the issues here. In the cases cited the state official, the sheriff, was actively engaged in denying to members of the union their right to picket and preventing them from doing so. No proper comparison can be made between a state law enforcement official's actions under those circumstances and the contemplated hearing of this case by a state court.

no action. We leave to the state court the determination of such issues as are presented to it and as relate to its jurisdiction.

It is clear that this case was improvidently removed to the federal court which has no jurisdiction under the Norris-LaGuardia Act to entertain this suit. Accordingly, the matter is forthwith remanded to the state court.