SEALTEST FOODS DIVISION OF NA-
TIONAL DAIRY PRODUCTS CORPO-
RATION—BRANCH 443, Plaintiff,

v.

Fred A. CONRAD, Individually, and as
President, and John A. Manchester, In-
dividually and as Secretary-Treasurer
of Milk, Ice Cream Drivers and Dairy
Employees Local Union No. 338, Affili-
ated with the International Brotherhood
of Teamsters, Chauffeurs, Warehouse-
men and Helpers of America, and Those
in Active Consort and Participation with
Them, Defendants.

No. 66–CV–324.

United States District Court
N. D. New York.

Dec. 28, 1966.

Bouck & Holloway, Albany, N. Y., for plaintiff; Warner M. Bouck, Stephen M. Kiernan, Albany, N. Y., of counsel.

Cohen & Weiss, New York City, for defendants; Stanley M. Berman, New York City, Nathan M. Medwin, Albany, N. Y., of counsel.

JAMES T. FOLEY, Chief Judge.

Memorandum-Decision and Order

This action was initiated in the Supreme Court, State of New York, County of Albany. After its filing in accord with the injunctive relief alone sought in the complaint, a restraining order was obtained from a New York State Supreme Court Justice preventing defendants from engaging in any form of work stoppage in alleged violation of a collective bargaining agreement existing between Sealtest and the defendant Union pending hearing and determination for preliminary injunction enjoining the employee defendants from striking. During the pendency of the return of this order in the State Court the defendants removed the action by proper compliance with the federal removal procedures to this District Court. The State restraining order remains effective until dissolved or modified by this Court. (28 U.S.C. § 1450.)

The use of the removal procedure in labor disputes of this kind involving alleged breach of collective bargaining agreement is being resorted to with increasing frequency, mostly by the Union side. The question raised by removal, as here, is embroiled in unsettled controversy in the District Courts that has existed too long, in my opinion, without authoritative and definite ruling one way or the other. As happened in the other instances, the removal is challenged by a motion of the plaintiff to remand on the ground the action is not within the jurisdiction of the Court. Further, under the circumstances here, the defendants move to vacate the temporary restraining order of the New York Supreme Court.

The problem created by these legal moves and strategy is one of important consequence not only for labor-management relation but for state and federal court relations as well. In my several experiences there is evidence to me of a growing friction generated by the removal that will not be conducive to the atmosphere needed for the conduct of good faith and trusting collective agreement and mutual promises in this delicate and complex relationship so vital to our economy. (See Prospect Dairy, Inc. v. Dellwood Dairy Co., Inc., (NDNY), 237 F.Supp. 176 (1964). There is an old philosophy about the human problems, and it applies here: Much may be and has been said on both sides. I believe enough has been said on the District Court level, and my attempt shall be to point out the sources of the varied view-points and indicate the side I feel constrained legally to follow. (See Food Fair Stores, Inc. v. Retail Clerks District Council #11, (E.D.Pa.), 229 F. Supp. 123.)

The background facts are these: Plaintiff operates a branch plant at the Village of Highland, Ulster County, New York, for sale and distribution of ice cream and ice cream products there and throughout adjoining New York counties. Seven (7) non-supervisory employees represented for collective bargaining by the defendant Union are employed at this Highland plant. They are covered by a collective bargaining agreement, negotiated by the Union with the Plaintiff, in effect since May 1, 1966, to expire in April, 1969. There is an express agreement clause clearly and unequivocally to the effect that there shall be no strikes, lockouts, walkouts or slowdowns ordered, sanctioned or enforced by either party thereto against the other during the life of the agreement. The next clause of the agreement is to the effect the Union shall not call a sympathetic strike and the company shall not aid other companies in a fight against a Union. In direct violation of these promises—and to me it is dismaying that there seems to be such little regard for these mutual contractual terms and promises—the members of Plaintiff's branch plant on

August 31, September 1 and part of September 2, 1966, went on strike on the order of the Union Business Agent. The State Supreme Court order stopped the strike. The complaint now removed here prays for preliminary and permanent injunctive relief, seeks no money damages, but does end with the usual legal catchall, obviously a pleading habit with lawyers, requesting such other and further legal relief as to the Court may seem just and proper.

In this sea of conflicting views my choice after review is to follow as preferable legal reasoning and conclusion the decision of District Judge Levet in Publishers' Association of New York City v. New York Newspaper Printing Pressmen's Union Number Two (SDNY), September 1965, 246 F.Supp. 293. It is odd enough to merit mention that in that case, rarely if ever done thereafter, the Union moved for the remand challenging the jurisdiction of the court under Section 4 of the Norris-LaGuardia Act (29 U.S.C. § 104), and the reasoning of Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440.

Judge Levet set forth the important cases and legal articles on the question, stating that to say the least the courts and the commentators were split. I shall refer to other significant cases and writings that add coal to the fire for both sides. For remand: Dixie Machine Welding & Metal Works, Inc. v. Marine Engineers Beneficial Association, (E.D. La.), 243 F.Supp. 489; The Affirmative Role of State Courts to Enjoin Strikes in Breach of Collective Bargaining Agreements, Boston College Industrial & Commercial Review, Vol. 7, No. 4 (1966), pg. 869; see also Comments, Section 301 & Norris-LaGuardia Act, 78 Harvard Law Review, 735, pg. 764, fn. 36 (1966). For denial of remand: Avco Corp. v. Aero Lodge 735 (M.D.Tenn.), 263 F.Supp. 177 (March 1966); Oman Construction Co. v. Int. Brotherhood of Teamsters, etc. (M. D.Tenn.), 263 F.Supp. 181 (August 1966). In a short memorandum-order dated August 17, 1966, in Bagel Mine Bakery, Inc. v. Azzaro et al., (EDNY,

66–C–728), District Judge Dooling denied remand with reference only for support to the Publishers' Association decision and notwithstanding C. D. Perry & Sons, Inc. v. Robilotto, 39 Misc.2d 147, 240 N.Y.S.2d 331, aff'd. 23 A.D.2d 949, 260 N.Y.S.2d 158, and Strecher-Traung Lithograph Corp. v. Lithographers and Photoengravers Int. Union, 46 Misc.2d 925, 260 N.Y.S.2d 1011.

The most forceful writing opposite to the position I take is American Dredging Co. v. Local 25, Marine Division, Int. Union of Operating Engineers, 3 Cir., 338 F.2d 837; cert. den. 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822. This authority is by a split panel and the majority writing is an exhaustive review of all the factors involved in the problem. There is set forth attractive and realistic argument that removal to the federal court with absence of appropriate injunctive power for the particular need is really an exercise in futility. This ruling must be viewed—as we are continuously cautioned—as being one that by denial of certiorari has not received the stamp of approval or disapproval by the United States Supreme Court on the merits. (United States v. Carver, 260 U.S. 482, 490, 43 S.Ct. 181, 67 L.Ed. 361; Brown v. Allen, 344 U.S. 443, at pgs. 491–492, 73 S.Ct. 397, 97 L.Ed. 469.)

The clash of the two important statutes presented here again is obvious and easy to recognize. On the one hand we have Section 301 of the Taft-Hartley Law, 29 U.S.C. § 185(a), after congressional hearings, debate and reports by clear terms conferring jurisdiction upon the United States District Court of suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. The rub comes, of course, from the fact that by the Norris-LaGuardia Act there is at least a drastic limitation of the usual court power to restrain the peaceful picketing on its face a breach of the agreement. A federal judge with experience in these matters, and it has been my observation, knows

that the removal to the federal court deprives the employer, as in this instance, of his most effective remedy and the result is the majority of these lawsuits, when removed, remain on the federal dockets and wither away without further action. Justice Black in Sinclair (370 U.S. pg. 214, 82 S.Ct. 1328) emphasizes the worth of federal injunction for employers to bar a breach of collective bargaining agreement but leaves the consideration for change to the Congress. One clever characterization of the impasse is that the removal jurisdiction should not be read to permit an end-run around the exercise of equity jurisdiction by the State Courts as yet not authoritatively held bound by the Norris-LaGuardia Act. (Comment, 113 U.Pa.L. Rev. 1096, 1097–1098, (1965).) There is also evident the creation of pleading strategy to avoid or come within refined distinctions if federal removal is invoked that may uphold remand. It seems accepted that if you join a damage plea with injunctive relief the cause is lost, or at least the damages, the money matter, stays in the federal system, and the injunctive part, if it can be divided, returns to the State. (See National Dairy Products Corp. v. Heffernan, (EDNY), 195 F.Supp. 153.) I recognize the complexity in these problems and the inherent impossibility for human reasons to have the Congress and the highest court collaborate and rationalize with magic and provide all the answers where everything is nicely tied up, and balanced and even-stephen between employer and union. However, as Justice Frankfurter stated, litigation should be guided as much as possible into the pursuit of practical ends and not allowed to become a game of chess. (City of Indianapolis v. Chase National Bank, (1941), 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47.) It seems there has been a sufficient display of serious disagreement in the Courts.

■■ The complaint removed here is a simon pure one in the respect that it carefully avoids money damages. There is the general prayer for relief, but even without it, Federal Civil Rule 54(c) has been plausibly construed to allow federal courts power to grant appropriate relief despite the nature of demand. There is also substance to the defense claim that allegations in a paragraph of the complaint charging secondary boycott activity itself may confer federal jurisdiction under Section 303 of the Taft-Hartley Act. (29 U.S.C. § 187.) However, my reliance is upon Section 301 as a proper basis for removal jurisdiction. The plaintiff contends its right depends on a State contract and is in no way dependent upon federal law or the Constitution of the United States. I disagree first because we do not have the ordinary contract relationship but one given singular and special status by congressional enactment and clear Supreme Court interpretations. (Textile Workers' Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Dowd Box Co. Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483.)

■ Fundamentally, however, my reason for denial of remand is that like Judges Levet and Dooling I feel the Norris-LaGuardia Act is not subject to construction from its provisions read as a whole that there is a complete blackout or deprivation at the federal doorstep of all jurisdiction regarding 301 suits that prevents their removal under 28 U.S.C. § 1441. The Sinclair and Dowd Box majority opinions review in detail the important give-and-take areas in the congressional debates and Conference consultations and reports on Section 301. There is nothing in this legislative history important here other than the expressed concern by the Congress not to interfere with existing State Court remedies in these problems. There was no discussion or reference, direct or implied, in such history that indicated the established federal removal procedures should be inapplicable to suits in these labor disputes. Sinclair (370 U.S. pg. 203, 82 S.Ct. 1328) restricted its holding to specific sections of the Norris-La-Guardia Act that deprive the United States Courts of jurisdiction to enter injunctions against peaceful picketing.

(See also Marine Cooks & Stewards AFL v. Panama Steamship Co. Ltd., 362 U.S. 365, 369, 80 S.Ct. 779, 4 L.Ed.2d 797; Milk Wagon Drivers' Union, etc. v. Lake Valley Farm Products, Inc., 311 U.S. 91, 101, 61 S.Ct. 122, 85 L.Ed. 63). It is clear State Courts have jurisdiction over these matters if federal removal is not invoked, and it is just as clear the various problems concerning removal have not been considered but reserved upon by the Supreme Court. (Dowd Box Co., Inc. v. Courtney, supra, at pg. 514, 82 S.Ct. at page 526, fn. 8.) Much reliance is placed upon the dismissal in Sinclair for lack of jurisdiction, but this conclusion must be weighed in the light it was a federally instituted suit with some relief requested in the complaint upheld. (See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; see also Tri-Boro Bagel Co., Inc. v. Bakery Drivers Union Local 802, (EDNY), 228 F.Supp. 720.) Importance is given to the remark of Justice Brennan in his dissent in Sinclair at page 227, 82 S.Ct. 1328, that if Section 4 of the Norris-LaGuardia Act is to be read literally removal will not be allowed. Such must be read as an isolated comment in an opinion that did not prevail.

The issue here is important. Everyone is agreed that collective bargaining, constructive, honorable and knowledgable of all consequences when undertaken, is the best hope for industrial peace with enforcement left when necessary to the ordinary processes of law. The dilemma and tug-of-war pointed up by federal removal is a snag, but could be overcome, in my judgment, by congressional action or definitive Supreme Court ruling. However, under the present law and my interpretation of Supreme Court writings, uncovering no detectable signs to the contrary, I feel there is jurisdiction of subject matter adequately involved that arises under a law of the United States. Therefore removal is justified.

The motion to remand is denied, and the motion to vacate the ex parte State restraining order is granted. It may be an appeal automatically lies as of right by vacating the State restraining order. (See American Dredging Co. v. Local 25, Marine Division, Int. Union of Operating Engineers, supra, 338 F.2d at pg. 838, fn. 2.) If not, I think the question is substantial with difference of opinion on a controlling question of law existing to such extent as to warrant my expression and certification now made that an immediate appeal may materially advance the ultimate termination of the litigation, if such appeal is permitted in the discretion of the Court of Appeals, Second Circuit. 28 U.S.C. § 1292(b).

It is so ordered.