De Forest C. Pitt, J.
The sole issue presented npon this motion for a preliminary injunction enjoining the defendant labor union from striking is the applicability of section 807 of the Labor Law. The appropriateness and necessity of injunctive relief is found to be established, and is not seriously controverted.
Section 807 is applicable by its terms only when a labor dispute exists. Our courts have consistently refused to consider a strike during the existence of a collective bargaining agreement containing a “ no strike clause ” as a labor dispute within the meaning of section 807. (See, Strecher-Traung v. Lithographers & Photoengravers Int. Union, 46 Misc 2d 925, and cases cited therein.)
The agreement between the parties, which is before the court, contains what are found to be complete and thorough provisions for the presentation of grievances and, if then unresolved, the disposition of disputes by binding arbitration. In addition the agreement contains the following language:
“ Except in cases of extreme emergencies there will be no interruption in normal production conditions while the grievance procedure is being followed. ’ ’
*453 An agreement not to strike is implicit in the above. Indeed, the United States Supreme Court has somewhat recently held such agreements to be implied in the absence of explicit language by the presence of a duty to submit to final and binding-arbitration. (Teamsters Local v. Lucas Flour Co., 369 U. S. 95.)
The defendant contends it would be inequitable to grant the requested relief for the reason the plaintiff is the wrongdoer in the underlying dispute, and would now be permitted to benefit from its wrongdoing contrary to the familiar equitable principle. This dispute between the parties is not before the court and is, of course, properly the subject of arbitration in accordance with their agreement. If the status quo was altered by the employer during the pendency of arbitration in violation of the contract as claimed by the defendant, this can only give rise to an additional grievance or issue upon the pending arbitration wherein adequate, appropriate relief can be obtained.
Accordingly, the temporary restraining order will be continued until the settlement of the preliminary injunction to be granted in accordance herewith. Settlement is to be on notice at which time the parties may be heard upon the question of the appropriateness of the posting of security.