**THE HERALD COMPANY, Plaintiff,**

v.

**Roger D. HOPKINS et al., Defendants.**

**Civ. No. 71-CV-147.**

United States District Court,
N. D. New York.

April 30, 1971.

Bond, Schoeneck & King, Syracuse, N. Y., for plaintiff; Tracy H. Ferguson, Francis D. Price, Syracuse, N. Y., of counsel.

Blitman & King, Syracuse, N. Y., for defendants; Bernard T. King, Syracuse, N. Y., of counsel.

### MEMORANDUM-DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

This action arose from a dispute between plaintiff, a newspaper publishing company, and a local Typographical Union which includes among its members 165 printers employed by plaintiff to publish its several newspapers. The Herald Company publishes the daily Syracuse Herald-Journal, the daily Syracuse Post Standard and the Sunday Syracuse Herald-American/Post Standard. The Union is sued through its named officers.

The suit was commenced in the Supreme Court, Onondaga County, New York. The defendants removed it to this Court and there is no challenge by plaintiff to the removal or motion to remand. The complaint alleges refusal by certain employee printers of the defendant Union, commencing specifically on or about March 15, 1971, to work necessary overtime when so requested by the Foreman. Such refusal it is stated constituted a strike and work slowdown and cut the work production in the printing of the newspapers to about one-third of normal. The complaint alleges that this conduct complained of, essentially the refusal to work overtime, threatens to continue, has caused and will cause irreparable harm and damage. The relief sought is temporary and injunctive relief pending final arbitration determination, an order to direct the defendants' Union through its named officers to submit the contro-

versy to arbitration, and for other appropriate relief including an award of damages.

This arbitration direction and the questions raised by the complaint in that regard are important in the consideration of the motions to be decided herein. The complaint says that this alleged refusal by certain printers to work overtime, characterized as a strike and work slowdown, constituted a violation of certain of the terms and provisions of a collective bargaining agreement entered into between plaintiff and the Union. This agreement is present in booklet form as Ex. A, "Newspaper Contract, Effective February 1, 1966, Expires January 31, 1969", attached to affidavit of defendant Hopkins, dated April 1, 1971, filed in support of motion by defendants to vacate State temporary restraining order.

The procedural maneuvers in the background situation before arrival of the action in this Court are not unfamiliar to me or uncommon. (See Sealtest Foods Div. of Nat. Dairy Prod. Corp.— Branch 443 v. Conrad (NDNY1966), 262 F.Supp. 623.) However, interesting and substantial questions are presented by the factual situation in the light of the noted decision of the United States Supreme Court in Boys Markets, Inc. v. Retail Clerk's Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199. The interpretation and application of that ruling is of prime importance to decision of the motion problems here. It is the earnest contention of the plaintiff such ruling is on all fours and conclusive in regard to the propriety in this situation for grant of injunctive relief and order to arbitrate. The defendants with the same assurance contend the case is clearly distinguishable, and that based upon the expression in Boys Markets that the holding is a narrow one, the lack of certain background factors here unquestionably should not allow the continuance of the State restraint or allow the granting of independent federal preliminary injunction. Aaron Burr once said the law is

whatever is "boldly asserted and plausibly maintained." Boys Markets is quite precise in guidelines but understandably lacks exact formula that would answer all the problems with different factual circumstances that arise in management-labor disputes. There is bound to be complexity at times in the application of Boys Markets at the hammering out level of the District Courts. (See Note: The New Federal Law of Labor Injunctions, The Yale Law Journal, Vol. 79: 1593, 1970.)

The defendant union upon removal filed a motion to vacate a State temporary restraining order issued without hearing and notice that was included in an order to show cause pending hearing upon a preliminary injunction at a later return date. The preliminary injunction hearing in the State was circumvented by the defendants filing the petition for removal of the case to this Court. The contentions of the defendants that the State Judge may have violated certain State procedural provisions, I do not think are of any moment here because the defendants could have argued these alleged deficiencies in the State courts if they did not make the choice to remove. The plaintiff cross-moves in this District Court for a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure and in opposition to the defense motion to vacate the State temporary restraining order.

There has been a substantial submission by both sides on the separate motions. Oral argument by the attorneys was heard in Albany, but no oral testimony was taken on either the motion to vacate the State temporary restraining order or on the new federal preliminary injunction cross-motion. (See SEC v. Frank, 2 Cir., 388 F.2d 486, 490–491; Redac Project 6426, Inc. v. Allstate Insurance Co., 2 Cir., 412 F.2d 1043). Of course, under 28 U.S.C. § 1450, the State restraining order has remained in effect pending consideration of the motions and rendering of this decision.

The need for speedy decision is often present in these labor-management disputes, but this two-judge District Court has an increasing number of labor proceedings that demand the same immediate attention, and therefore there has to be a slowdown in decision of some. I sense no great loss to the defendant Union by delay here. An eminent jurist, Learned Hand, once wrote "Speed and hurry ought to be antipodes of judicial behavior." (California Apparel Creators v. Wieder of California, 2 Cir., 162 F.2d 893 at 903). The defendant Union, and this is always a source of wonderment to me why the injunction is so seriously challenged, asserts repeatedly that there was no strike, slowdown or work stoppage by the Union or authorization of ratification by the Union of the acts of its members in relation, I assume, to work overtime when requested. The implication is the Union officers want its members to work overtime when necessary. I appreciate the right of unions to resist, however. Injunctions always are an upsetting factor in labor disputes. It is recognized that it may be a matter of principle to challenge injunction even though there is the paradox that the Union says it has not and will not authorize this overtime refusal by its members to so work as alleged by plaintiff. In fact, President Hopkins has written a letter, dated March 17, 1971, to the Chapel Chairmen, requesting that the Union member printers adhere to the overtime provision and advising that if there are grievances, they can be settled under the arbitration procedures in Section 5 of the Contract, Exhibit A. It should also be noted that delay in hearing of the preliminary injunction sought by the order to show cause in the State court was prevented by the removal proceeding of the defendants. (See Boys Markets, Inc. v. Retail Clerks Union, supra, 398 U.S. at pp. 246–247, 90 S.Ct. 1583).

In the available time for research, it is my judgment that the defendants must prevail in each of the motions. I find lacking the factor of an existent collective bargaining contract that is absolutely essential from my reading of Boys Markets for the lessening of the anti-injunction provisions of the Norris LaGuardia Act, 29 U.S.C. § 104. The Newspaper contract, Exhibit A, in the statement on its cover expired January 31, 1969. Thereafter, the contract was formally extended in effect by the letter of defendant Hopkins, dated November 28, 1970, notifying Publisher Rogers of the plaintiff company, that agreement, written, oral or implied, would terminate on January 31, 1971. To my view, the letter of Union President Hopkins, dated March 17, 1971, attached to plaintiff's complaint as Exhibit 1, and addressed internally to Union Chapel Chairmen, does not give the support plaintiff contends to infer there was a further valid agreed extension of the contract. This letter states that it was agreed to by the scale committee that we (union printers) would work under the existing contract. I am unable to read this letter or the telegram of the International to Hopkins, as acceptable basis to conclude a legal extension of the contract was accomplished that would afford the full blown continuation of all the express terms of the written contract. If the position of the plaintiff were accepted that an extension resulted from such writings, then such extension of a formal contract or agreement would be effective for a limitless time period.

In my judgment, the State restraining order in any event would have to be considered much too broad. The issue that would be subject to arbitration consideration and determination if such were to be directed would have to be confined to the active grievance, the overtime dispute. It seems clear in the setting here overbroad grant of injunctive relief and general arbitration direction if such were legally warranted would seriously hamper the collective bargaining negotiations for a new contract now underway by unlimited and indefinite restraint upon the right to strike for other grievances. However, as already stated, it is my

conclusion under the cautious relaxation of injunctive relief by the Boys Markets ruling as I read it the lack of a collective bargaining agreement is decisive.

In relation to the independent motion by plaintiff for preliminary injunction under the federal rules, this holding I make would necessitate its denial. In Boys Markets, at p. 254, 90 S.Ct. 1583, there was adopted an excerpt from the dissenting opinion in Sinclair Refining Co. v. Atkinson, 370 U.S. 195, at p. 228, 82 S.Ct. 1328, 8 L.Ed.2d 440, as setting forth the principles for District Courts to follow in consideration of the grant of injunctive relief. If the contract is held effective and as one containing arbitrable grievance and no strike provisions, the District Court must still consider whether issue of injunction would also be warranted under ordinary principles of equity. It is my belief that under the basis for my decision as stated it would not be necessary to enter the field of additional consideration. However, for the record, I think it should be stated that I would be hard put to decide there are sufficient reasons evident to issue the preliminary injunction under the common equitable considerations. There would be question in my mind that the alleged breaches will continue. Irreparable damage is always difficult to be certain about, but the law provides adequate remedy for recovery of money damages if the plaintiff employer sees fit to be adamant about such recovery no matter the outcome of the present dispute. Foremost though, in my mind, would be the thought that the Union being deprived of its most important weapon, the right to strike at the table where a new contract is being discussed would suffer most from the issuance of the preliminary injunction.

The motion of the defendants to vacate the State Court temporary restraining order is granted. The motion of plaintiff for a preliminary injunction and in opposition to the defendants' motion to vacate is denied.

It is so ordered.