MERCHANTS REFRIGERATING CO. OF CALIFORNIA, a California Corporation, Plaintiff,

v.

WAREHOUSE UNION, LOCAL NO. 6, INTERNATIONAL LONGSHORE-MEN'S AND WAREHOUSEMEN'S UNION et al., Defendants.

Civ. No. 41130.

United States District Court
N. D. California, S. D.

Jan. 11, 1963.

Edises, Treuhaft, Grossman & Grogan, Oakland, Cal., for plaintiff.

George O. Bahrs, Robert J. Scolnik, San Francisco, Cal., for defendant.

WEIGEL, District Judge.

Plaintiff filed a suit in the California courts, seeking to enjoin the named defendant, its officers and members from striking in violation of a "no strike" clause in a collective bargaining agreement. The case was removed to this court. Plaintiff thereupon moved to remand to the state court on the ground that this court is without jurisdiction.

Defendant contends that the case should not be remanded for three reasons: First, because this court has jurisdiction to enforce the provision in the contract regarding arbitration; second, because the state court is without jurisdiction to grant the injunction; and, third, because to remand might create conflict between a state court decision in this case and the decision of this court in another case, involving the same contract, pending here between the parties.

 As to the first contention, it is true that this court could enforce the arbitration clause of the contract, but that is not the object of plaintiff's suit. The jurisdiction of the court must be determined from the allegations of the complaint. The question is, "Does the court have jurisdiction over the case as the plaintiff has set it forth in the complaint?" The question is not, "Does the court have jurisdiction over the case as the plaintiff might have set it forth in the complaint?" As the court indicated in Adams v. California, 176 F.Supp. 456, 458 (N.D.Cal., 1959), plaintiffs "are masters of their claims."

 The complaint here asks the court to enjoin a strike in a case involving or growing out of a labor dispute. This court is without jurisdiction to issue such an injunction. 29 U.S.C. §§ 101, 104 (Norris-LaGuardia Act). The fact that the strike might be a violation of a collective bargaining agreement, and thus within the purview of section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185), does not alter the situation. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (June, 1962).

 In support of its second contention, defendant presents authority and argument challenging jurisdiction of the state court.[1] But no authority is cited, and none has been found, for the proposition that, assuming the state court does lack jurisdiction, this court for that reason should deny the motion to remand. Even assuming such lack of jurisdiction, no course is open here other than to remand pursuant to section 1447(c) of Title 28 of the United States Code. The provisions of that statute are clear: Where a case is removed from a state court and it appears that the federal court is without jurisdiction, "the district court shall remand the case." The claim of lack of jurisdiction in the state court can be asserted there.

 Turning now to defendant's third contention: It is true that there is pending in this court a suit by defendant against plaintiff for declaratory relief relating to the collective bargaining agreement.[2] That suit arose out of the same dispute that gave rise to this one. The defendant here contends that, even assuming the state court to have jurisdiction over this suit, this court should not remand because to do so might lead to conflict between the state and federal court decisions in the two cases. This would occur, defendant asserts, if the state court issued a preliminary injunction in this suit, while the federal court, in the other suit, held in favor of this defendant.

This kind of argument was made in Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (February, 1962) in support of the contention that state courts lacked jurisdiction over section 301(a) suits. The court answered this argument by saying that "diversities and conflicts" were to be expected, but that it is the function of the Supreme Court to resolve and accommodate them.

Moreover, the other suit pending in the federal court is for a declaratory judgment settling the dispute out of which the strike arose. A decision in that case that the union is in the right would not necessarily conflict with a state court decision in this case that a preliminary in-

---

1. There is, of course, contrary authority.

2. Defendant's suit here was filed just six days after plaintiff filed in the state court. Defendant's motion to remand was filed here the same day as it filed its suit here.

junction should issue. It is conceivable that although the company was in breach of the collective bargaining agreement, still the strike was not justified.

Finally, this contention of defendant does not negate the clear mandate of section 1447(c). Whether or not the state court has jurisdiction, this court has none. It follows that the motion must be granted.

Accordingly, the motion to remand is granted; this action is hereby remanded to the Superior Court of the State of California, in and for the County of Santa Clara, for all further proceedings; the clerk of this court is authorized and directed to take any and all steps, and perform any and all acts, necessary to complete the transfer of this case in accordance with this order.