**CRESTWOOD DAIRY, INC., Plaintiff,**

v.

**John KELLEY et al., Defendants.**

**No. 63 C 731.**

United States District Court
E. D. New York.

July 22, 1963.

Edwin Gold, Jamaica, N. Y. (Gold, Lazar & Cooper, Jamaica, N. Y., of counsel), for plaintiff, in support of motion.

Bruce H. Simon, New York City (Cohn & Weiss, New York City, of counsel), for defendants, opposed.

DOOLING, District Judge.

Plaintiff has moved to remand to the state court its action against an unincorporated union, its officers and agents, based on the union's alleged violation of its contract with plaintiff; the prayer is for an injunction against a strike allegedly called illegally and wrongfully by the union; and for $500,000 damages. Since the complaint, affidavits, petition and agreed facts together make out a case invoking Section 301(a) of the Labor Management Relations Act [29 U.S.C.A. § 185(a)] and not seeking an injunction of a sort or in circumstances forbidden by the Norris-LaGuardia Act (29 U.S.C.A. § 101 et seq.), the motion to remand must be denied in its entirety.

The case is plainly framed as one for relief against a violation of a contract between plaintiff employer and defendant labor organization (Atkinson v. Sinclair Refining Co., 1962, 370 U.S. 238, 245, 82 S.Ct. 1318, 8 L.Ed.2d 462 et seq.) and the subject matter of it comes within the substantive sphere of Section 301(a) of the Labor Management Relations Act [29 U.S.C.A. § 185(a)] if the union represents employees in an industry affecting commerce. It does so if for no other reason than that it represents plaintiff's employees; on the facts developed by agreement plaintiff is both itself in commerce in respect of substantial activities integral to its business and it is also in competition with companies which are in commerce. The labor agreement involved is the "Milk Industry Collective Bargaining Agreement", which, although signed as a system of individual contracts between each employer and its union, establishes common basic terms for several hundred employers in the milk industry and their respective unions in the New York Urban Area, New York Suburban Area (including part of Fairfield County, Connecticut) and the New Jersey Area. It must be concluded, therefore, that the action is, generally, one arising under federal substantive law and within the original jurisdiction of, and, therefore, removable to this court.

The Norris-LaGuardia Act does not require remand or dismissal of the present action whatever may be its ultimate effect on the disposition of the case on the merits. The Norris-LaGuardia Act does not define by exclusion a class of civil actions jurisdiction to decide which is denied to federal courts. It enacts that "in a case involving or growing out of a labor dispute" no injunctive relief shall be granted except in strict conformity to the Act (29 U.S.C.A. § 101). In any such case certain acts (such as concerted work stoppage and picketing without fraud) may not be enjoined (29 U.S.C.A. § 104) and in any such case injunctions can issue only upon express findings of illegality, irreparable injury, balance of interest, inadequacy of legal remedy and failure of adequate protection by the regular civil authorities (29 U.S.C.A. § 107). Although each of the Act's inhibitions is framed as a denial of "jurisdiction" to issue an injunctive order of the forbidden sort or in the forbidden circumstances, each inhibition necessarily assumes the existence of a "case" of which the court has jurisdiction and which it must, and has the power to, adjudicate in accordance with the standards the Act imposes. Cf. Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605.

Certainly it may be plain from a complaint alone that no relief not forbidden by the Act can be granted and that, therefore, the complaint must be dismissed on motion. Sinclair Refining Co. v. Atkinson, 1962, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440; National Dairy Products Corp. v. Heffernan, E.D.N.Y.1961, 195 F.Supp. 153. And it may now be plain that no such major "accommodation" with the Norris-LaGuardia Act as appears in the railroad and airline labor context is foreseeable (Cf. Brotherhood of Railroad Trainmen v. Chicago River and Indiana R. & I. R. Co., 1957, 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622; Rutland Ry. Corp. v. Brotherhood of Locomotive Engineers, 2d Cir., 1962, 307 F.2d 21, 37 et seq.; Flight Engineers' International Ass'n, A.F.L.–C.I.O. v. American Airlines, Inc., 5th Cir., 1962, 303 F.2d 5; contrast Marine Cooks & Stewards, A.F.L. v. Panama Steamship Co., 1960, 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797; Bowater S.S. Co. v. Patterson, 2d Cir., 1962, 303 F.2d 369; Order of Railroad Telegraphers v. Chicago & North Western Ry., 1960, 362 U.S. 330, 80 S.Ct. 761, 4 L.Ed.2d 774); that negation is not, however, the total and an expanding inference from Sinclair Refining Co. v. Atkinson for plaintiff in that case, as Mr. Justice Black was clear in pointing out, by asking that bare repeated breach of a no-strike clause should be treated as creating a right to the equitable relief of an injunction against strikes as such and as bare breaches of contract was in substance asking that Section 301(a) be treated as repealing the Norris-LaGuardia Act—an accommodation by extinction that the Court found the Congress had plainly eschewed. Other "accommodations" may evolve. Cf. Drake Bakeries, Inc. v. Local 50, American Bakery and Confectionary Workers, 1962, 370 U.S. 254, 260, 82 S.Ct. 1346, 8 L.Ed.2d 474 and, particularly, footnote 5, impassively noting Ruppert v. Egelhofer, 1958, 3 N.Y.2d 576, 170 N.Y. S.2d 785, 148 N.E.2d 129, 70 A.L.R.2d 1048, assuming that federal law would be determinative and impliedly treating as an open question the federal acceptability of the New York rule that an arbitral award of an injunction can be confirmed and enforced in spite of New York's "little" Norris-LaGuardia Act. See Isaacson, The Grand Equation: Labor Arbitration And The No-Strike Clause, 1962, 48 A.B.A.Jl. 914, 918.

The complaint here strives to frame a case that will merit relief in spite of the Norris-LaGuardia Act. It hints that no true labor dispute is involved (Pars. EIGHTH, TWELFTH) and the affidavit for injunction asserts that the strike was threatened in order to get plaintiff either to close the Cherry Valley stores or to stop selling them cheap milk although, it is said, plaintiff has no interest in Cherry Valley stores and supplies it with milk only through a jobber customer. Defendant's conduct is repeatedly characterized by the complaint as illegal or unlawful (Pars. SEVENTH, FOURTEENTH, SIXTEENTH, SEVENTEENTH, EIGHTEENTH). The picketing signs are accused as being implicitly fraudulent (Par. TWELFTH). Irreparable damage is alleged (Pars. NINETEENTH, TWENTIETH). A balancing of interests in favor of plaintiff is alleged (Par. TWENTY-FIRST). Failure of public officers to furnish adequate protection is alleged (Par. TWENTY-SECOND). Absence of an adequate legal remedy is asserted (Par. TWENTY-FOURTH). There are general allegations addressed to the idea that plaintiff has not failed in any duty to avoid strife or a breakdown of relations or arbitration, and that defendant has failed (Pars. ELEVENTH, THIRTEENTH, TWENTY-FIRST). These allegations, made in a case centrally relying upon an alleged violation of a union contract and thus governed by federal law (Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co., 1962, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593), require federal court adjudication when the federal court's jurisdiction is invoked on removal and would require that even if it were evident on inspection of the prayer for relief that it sought injunctive relief of a kind that

was not to be granted because of the restrictions of the Norris-LaGuardia Act; Cf. Lauf v. E. G. Shinner & Co., 1938, 303 U.S. 323, 58 S.Ct. 578, 82 L.Ed. 872. The "jurisdictional" form of the prohibitions of that Act upon granting injunctions are not to be interpreted as tolerating remand to the state court for the purpose of enabling it to grant the injunctions that the Norris-LaGuardia Act would preclude a federal court from granting; it is as little likely that the Congress meant to sanction such a sleight as to suppose that it meant to repeal the Norris-LaGuardia Act by implication. It is not clear that Bernhardt v. Polygraphic Co., 1956, 350 U.S. 198, 76 S. Ct. 273, 100 L.Ed. 199 can be fitted to this different context and regarded as implying that in a case governed by federal substantive law in material aspects the Norris-LaGuardia Act though "procedural" in form is substantive in its effect on outcome (Cf. McCarroll v. Los Angeles Co. Dist. Council of Carpenters, 1957, 49 Cal.2d 45, 315 P.2d 322), or that the Act can be taken as expressive of a national labor policy so deeply founded as to command substantive respect in the state courts notwithstanding the Act's jurisdictional language. Cf. Local 100 of United Ass'n. of Journeyman and Apprentices v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638. It is notable that the Act is not based on any Congressional legislative power other than the power of the Congress to create and regulate the jurisdiction of federal courts inferior to the Supreme Court; the commerce power is not invoked and the statute in terms can affect only federal litigations and, literally, affects them equally whether they arise under state or federal law. Yet in the nation's social history few enactments can have been more emphatically substantive in impact than the Norris-LaGuardia Act. But even if the Norris-LaGuardia Act is considered operative only as a restriction on exercises of the federal equity jurisdiction, so that the state courts are thought free to grant injunctions in labor cases otherwise and substantively governed by federal law, that difference in equity jurisprudence between the two systems is not a ground for denying the right to remove. Venner v. Great Northern Ry., 1908, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666 is certainly far removed in subject matter, but it accepts the view that a case is removable even though the inevitable consequence of removal is a dismissal on the merits that would not have occurred in the state court.

Accordingly, the motion to remand is in all respects denied.

It is so ordered.