PUBLISHERS' ASSOCIATION OF NEW YORK CITY et al., Petitioners,

v.

NEW YORK NEWSPAPER PRINTING PRESSMEN'S UNION NUMBER TWO, Respondent.

United States District Court
S. D. New York.
Sept. 29, 1965.

**294**

Townley, Updike, Carter & Rodgers, New York City, for petitioners. John R. Schoemer, Jr., Andrew L. Hughes, John D. Canoni, New York City, of counsel.

Harold & Mozer, New York City, for respondent. Robert J. Mozer, New York City, of counsel.

LEVET, District Judge.

Respondent has moved to remand the instant action to the Supreme Court of the State of New York, County of New York, whence it was removed on September 15, 1965.

The complaint alleges that the Publishers' Association of New York City and its member papers who are named as defendants are threatening to breach the collective bargaining agreement that exists between the Publishers' Association and the New York Newspaper Printing Pressmen's Union Number Two by threatening to cease publication and lock out union members in violation of the "no-strike, no lockout" clause contained in their agreement. The complaint prays for an injunction against any breach of that agreement. In their petition for removal, the defendants state that the action is one of which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and is one which may be removed pursuant to the provisions of 28 U.S.C. § 1441 in that the action arises under the laws of the United States. Specifically, they predicate ju-risdiction upon 29 U.S.C. § 185(a) (Section 301(a) of the Taft-Hartley Act).

The union seeks remand on the ground that this court has no original jurisdiction of a suit seeking injunctive relief alone, relying on the provisions of 29 U.S.C. § 104 and Sinclair Refining Company v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

Under the removal statute, 28 U.S.C. § 1441, a civil action brought in a state court may be removed to a federal district court if "the district courts have *original jurisdiction* founded on a claim or right *arising under the* * * * *laws of the United States* * * *."* (Emphasis added)

The complaint here is based on an alleged violation of a collective bargaining agreement and, as such, falls within the terms of 29 U.S.C. § 185(a), which states:

> "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, * * *, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Although it has been questioned whether such a claim "arises" under the laws of the United States, American Dredging Co. v. Local 25, Marine Div. Int'l Union of Operating Eng'rs, 338 F.2d 837, 843–846 (3rd Cir. 1964), cert. denied, 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965), there can be little doubt that it does. To hold otherwise would be to disregard the Supreme Court's holding in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed. 2d 972 (1957), that the substantive law which must be applied in suits under Section 185(a) is federal law, which the courts must fashion from the policy of our national labor laws.

The question whether a federal district court has "original jurisdiction" over a

suit under Section 185(a) for an injunction alone, as in the instant case, raises more serious problems because of 29 U.S.C. § 104 (Section 4 of the Norris-LaGuardia Act). On the one hand, Section 185(a) allows suits for violations of collective bargaining agreements to be heard in federal district courts, while, on the other hand, 29 U.S.C. § 104 (Section 4 of the Norris-LaGuardia Act) provides:

> "No court of the United States shall have *jurisdiction* to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute * * *." (Emphasis added)

Admittedly, the instant case involves a "labor dispute" within the meaning of 29 U.S.C. § 113(c) so that the Norris-LaGuardia Act is applicable.

On the face of 29 U.S.C. § 104 (Section 4 of the Norris-LaGuardia Act) it would seem that the federal district court does not have "original jurisdiction" where an injunction alone is sought in a Section 185(a) case. However, we must consider the meaning of the statute. To say the least, the courts and the commentators are split. Some say that the word "jurisdiction" in 29 U.S.C. § 104 means the authority to take cognizance of the suit and argue that a federal district court cannot entertain the suit at all. See, American Dredging Co. v. Local 25, Marine Div. Int'l Union of Operating Eng'rs, supra; Merchants Refrigerating Co. v. Warehouse Union, etc., 213 F.Supp. 177 (N.D.Cal.1963); National Dairy Products Corp. v. Heffernan, 195 F.Supp. 153, 154 (E.D.N.Y.1961); and Note, 113 U.Pa.L.Rev. 1096 (1965). On the contrary, others say that jurisdiction in Section 104 refers only to the authority to grant an injunction *after* entertaining the suit. See, Food Fair Stores v. Retail Clerks, 229 F.Supp. 123 (E.D.Pa.1964); Tri-Boro Bagel Co. v. Bakery Drivers Union, 228 F.Supp. 720 (E.D.N.Y.1963); Crestwood Dairy, Inc. v. Kelley, 222 F.Supp. 614 (E.D.N.Y.1963); Aaron, Strikes in Breach of Collective Agree-

ments: Some Unanswered Questions, 63 Col.L.Rev. 1027, 1041–1046 (1963); Note, 65 Col.L.Rev. 907 (1965); and Note, 78 Harv.L.Rev. 1665 (1965). I am inclined to agree with the latter view.

■ The Norris-LaGuardia Act does not contain a blanket prohibition against the issuance of injunctions by federal courts in labor disputes. As Judge Dooling said in Crestwood Dairy, Inc. v. Kelley, supra:

> " * * * It [the Norris-LaGuardia Act] enacts that 'in a case involving or growing out of a labor dispute' no injunctive relief shall be granted except in strict conformity to the Act (29 U.S.C.A. § 101). In any such case certain acts (such as concerted work stoppage and picketing without fraud) may not be enjoined (29 U.S.C.A. § 104) and in any such case injunctions can issue only upon express findings of illegality, irreparable injury, balance of interest, inadequacy of legal remedy and failure of adequate protection by the regular civil authorities (29 U.S.C.A. § 107). Although each of the Act's inhibitions is framed as a denial of 'jurisdiction' to issue an injunctive order of the forbidden sort or in the forbidden circumstances, each inhibition necessarily assumes the existence of a 'case' of which the court has jurisdiction and which it must, and has the power to, adjudicate in accordance with the standards the Act imposes. * * *" 222 F.Supp. at 615.

■ It is unreasonable to argue that a court without authority to take cognizance of a suit does have the power to make findings of fact and to hold a hearing in accordance with the provisions of 29 U.S.C. § 107 (Section 7 of the Norris-LaGuardia Act). The preferable view would seem to be that federal courts do have original jurisdiction over Section 185(a) suits in which injunctions, even injunctions alone, are sought, but simply cannot grant injunctive relief in certain instances.

A federal court, moreover, is not limited by the particular relief sought in the complaint. Under Rule 54(c) of the Federal Rules of Civil Procedure, a federal court is empowered to grant the relief to which a party is entitled, "even if the party has not demanded such relief in his pleadings." Thus, in a Section 185(a) case, as the instant one, where an injunction alone is requested, the court may entertain the suit and grant appropriate relief even if the requested injunction is unavailable. Accordingly, I hold that a Section 185(a) case in which an injunction alone is sought is removable to federal courts.

Respondent strongly urges that Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962), requires this court to remand the instant case to the state court. The Supreme Court held in that case, which originated in the federal courts, that the enactment of Section 185(a) of Title 29 of the United States Code did not impliedly repeal 29 U.S.C. § 104 (Section 4 of the Norris-LaGuardia Act) and that the prohibitions of Section 104 still apply. Sinclair, however, as indicated, does not determine the removal issue; it simply affirms the principle that claims for injunctive relief in Section 185(a) cases cannot be granted except in cases in which the prohibitions of the Norris-LaGuardia Act do not apply. It does not stand for the proposition that the federal courts are without jurisdiction to consider a complaint that prays for injunctive relief alone. As Judge Wood said in Food Fair Stores v. Retail Clerks, supra: "The jurisdiction of this Court does not depend upon the ingenuity of the form of a complaint in equity." 229 F.Supp. at 127.

Neither does it matter that the injunction which the respondent seeks and which it claims is available in the state court may be unavailable as a remedy in this court. Judge Dooling's statement in Crestwood Dairy, Inc. v. Kelley, supra, is in point:

"* * * even if the Norris-LaGuardia Act is considered operative only as a restriction on exercises of the federal equity jurisdiction, so that the state courts are thought free to grant injunctions in labor cases otherwise and substantively governed by federal law, that difference in equity jurisprudence between the two systems is not a ground for denying the right to remove. * * *" 222 F.Supp. at 617.

Respondent's motion for remand is denied.

The matter of the respondent's application for a stay ancillary to arbitration is set down for hearing on September 30, 1965 at 2:00 P.M. in room 1305.

So ordered.