### AVCO CORPORATION
v.
### AERO LODGE NO. 735, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AERO SPACE WORKERS et al.
### Civ. No. 4272.

United States District Court
M. D. Tennessee,
Nashville Division.
March 2, 1966.

178

William Waller, Robert G. McCullough, Waller, Lansden & Dortch, Nashville, Tenn., Naphin, Sullivan & Banta, Chicago, Ill., for plaintiff.

Cecil D. Branstetter and Carrol D. Kilgore, Nashville, Tenn., for defendant.

## ORDER

FRANK GRAY, Jr., District Judge.

This action was instituted in the Chancery Court for Davidson County, Tennessee, and subsequently removed by the defendant to this court. The plaintiff has filed a motion to remand.

According to the complaint, the plaintiff Avco Corporation is a manufacturer of aero-space equipment and is engaged in interstate commerce. The defendant Aero Lodge No. 735, International Association of Machinists and Aerospace Workers (hereinafter referred to as "Aero Lodge") is an unincorporated labor organization and the exclusive bargaining agent of all production and maintenance employees at the plaintiff's Nashville plant. Plaintiff and defendant entered into a collective bargaining agreement June 21, 1965, containing a no-strike clause and providing that an explicit procedure, including binding arbitration, be followed to resolve grievances. Shortly after the agreement became effective, a labor dispute arose and members of Aero Lodge began to engage in a series of slowdowns and work stoppages culminating in a plant-wide strike. The complaint contains prayers for an injunction against work stoppages during the period of the collective bargaining agreement and for "general relief."

The removal statute, 28 U.S.C. § 1441, authorizes removal of an "action of which the district courts have original jurisdiction founded on a claim or right arising under the * * * laws of the United States * * *." Avco Corporation as-

serts that this case does not come within the scope of this removal authorization because its claim does not arise under the laws of the United States and because Section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104, withdraws jurisdiction from this court to grant the injunctive relief sought in the complaint.

Although the Court of Appeals for the Third Circuit recently held otherwise,[1] this court is persuaded that all claims founded upon collective bargaining agreements in industries affecting interstate commerce arise under federal law. In Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S. Ct. 912, 1 L.Ed.2d 972 (1957), the Supreme Court held that Section 301 of the Taft-Hartley Act commissions the federal courts to fashion a body of federal substantive law to be applied in enforcing collective bargaining contracts. The Court reasoned that state law might provide illumination in the search for the best means to effectuate the federal policy, but said, at page 457, 77 S.Ct. at page 918, that "[a]ny state law applied * * * will be absorbed as federal law and will not be an independent source of private rights." In Local 174, Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), the Court applied the doctrine of Lincoln Mills to state courts exercising concurrent jurisdiction in actions founded on collective bargaining agreements, and held that the state courts, like their federal counterparts, must use the federal substantive law developed under the implied mandate of Section 301. Thus, according to the doctrine of Lincoln Mills as expanded in Lucas Flour Co., all rights and claims resulting from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law; state law does not exist as an independent source of private rights in regard to collective bargaining contracts.

The plaintiff's second contention—that this court lacks jurisdiction because the complaint seeks injunctive relief—is likewise unsound. The Norris-LaGuardia Act withdraws jurisdiction from the federal courts to enjoin a peaceful strike growing out of a labor dispute,[2] even when the strike violates the terms of a collective bargaining contract. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). But the mere fact that a prohibited labor injunction is among the remedies sought does not mean that a district court lacks original jurisdiction over the cause of action for the purpose of awarding other relief. Thus, in Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), the inclusion in the complaint of a prayer for a prohibited labor injunction, together with a prayer for damages, did not prevent the Supreme Court from remanding the case to the district court for the purpose of determining whether damages should be awarded.[3] It is clear on the authority of Atkinson,

1. American Dredging Co. v. Local 25, Marine Division, Int'l Union of Operating Eng'rs, 338 F.2d 837 (3rd Cir. 1964), cert. denied, 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965). An excellent analysis of the decision appears in Note, 78 Harv.L.Rev. 1665 (1965).

2. Section 4 of the Norris-LaGuardia Act provides:
   "No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute * * *."

3. The complaint in Atkinson contained three counts. Count I stated a cause of action for violation of a collective bargaining contract and prayed for damages from the union. Count II purported to invoke diversity jurisdiction and sought damages from individual members of the union. Count III stated the same cause of action as Count I but sought injunctive relief. Counts I and II were considered by the Court in Atkinson v. Sinclair Refining Co. and Count III was considered in Sinclair Refining Co. v. Atkinson. Lest it be thought that Count I and Count III stated separate causes of action so that Atkinson would not be controlling in this case, it should be noted that both counts were founded on the same alleged wrong, and a single wrong gives rise only to a single cause of action regardless of the fact that the complaint is fractured into multiple counts.

therefore, that a prayer for a prohibited injunction does not preclude a district court from exercising original jurisdiction, at least if non-injunctive relief is also sought.

■ In addition to the prayer for an injunction, the complaint herein contains a prayer for general relief. The effect of a similar general relief prayer was considered by the Supreme Court in the early case of Watts v. Waddle, 31 U.S. 389, 8 L.Ed. 437 (1832). The complaint in that case prayed for specific performance of the defendants' contract to purchase land, and in addition, for general relief. The Court held that, although the complainants were not entitled to the specific relief requested, the allegations in the complaint that the defendants had been in possession of the land involved in the controversy entitled the complainants to recover rents and profits under the prayer for general relief.[4] Likewise, the allegation of the complaint herein that the defendant breached its contract to submit grievances to arbitration and to refrain from striking provides a sufficient basis under the general relief prayer for awarding damages and, perhaps, for compelling specific performance of the arbitration provision.

■ Moreover, this case would be controlled by *Atkinson* even if the complaint did not contain the general relief prayer.

Rule 54(c), Federal Rules of Civil Procedure, provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Thus, a prayer for an injunction constructively acts as a prayer for all appropriate relief.[5] See Publishers Ass'n of New York City v. New York City Newspaper P.P.U., 246 F.Supp. 293 (D.C. 1965).

Upon consideration, therefore, the court is of the opinion that the plaintiff's claim arises under the laws of the United States and that the complaint states an "action of which the district courts have original jurisdiction." Accordingly, it is ordered that the motion to remand be, and it hereby is, denied.

There remain to be considered defendants' motions to dissolve the injunction heretofore issued and to dismiss the action. On the basis of the court's reasoning and the authorities cited in connection with the motion to remand, the court is of the opinion that the motion to dissolve the injunction is well taken and that the motion to dismiss the action is not well taken.

Accordingly, it is ordered that the motion to dismiss the action is denied, and it is further ordered that the injunction heretofore issued be, and it hereby is, dissolved.

---

4. The Court stated:

"A new ground of relief has been assumed in the argument here that was not made in the Circuit Court, which is, that although this court should be of the opinion that a specific execution of the contract ought not to be decreed, still the complainants are entitled to a decree for the rents and profits of the land while it was in the possession of the defendants.

"The defendants object to this relief, first, because the bill is not so framed as to embrace it * * *.

"  *   *   *

"Although there is no specific prayer in the bill to be paid the rents and profits, yet the court thinks that, under the general prayer, this relief may be granted. Under this prayer, any relief may be given for which the basis is laid in the bill. In this case the possession of the land by the defendants is alleged, and the demand for rents and profits would result from this fact.

"  *   *   *

"That part of the decree of the Circuit Court which refused a specific execution of the contract is affirmed; but in order to afford relief for the rents and profits, the decree dismissing the bill is opened and the cause remanded for further proceedings." (31 U.S. 389, at 402, 403)

5. While the Federal Rules of Civil Procedure do not expand the court's jurisdiction, they are determinative of the scope of relief which the court can award under a particular prayer.