**OMAN CONSTRUCTION COMPANY, Inc.**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL 327, and Don Vestal, James Craighead, and William L. Ellis.**

Civ. No. 4320.

United States District Court
M. D. Tennessee,
Nashville Division.

Aug. 24, 1966.

Russell F. Morris, Jr., Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

George E. Barrett, Nashville, Tenn., for defendants.

## MEMORANDUM

FRANK GRAY, Jr., District Judge.

This action is before the court on plaintiff's motion to remand it to the Chancery Court of Davidson County, Tennessee, from which it was removed to this court by defendant.

The complaint alleged that plaintiff, Oman Construction Company, is a firm engaged in interstate commerce and the defendant, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local 327 (hereinafter referred to as the "Union"), is the bargaining representative for that portion of plaintiff's employees involved

in this controversy. The remaining defendants are officers of the local Union. Plaintiff and Union entered into a collective bargaining agreement August 19, 1963, covering the period from July 7, 1963, to July 7, 1966, containing a provision that there would be no strikes, work stoppages, or lockouts during the processing of grievances or disputes.

It was further alleged that a dispute did arise and that, on December 10, 1965, while plaintiff was engaged in certain construction activity in Davidson County, Tennessee, the defendant Union caused pickets to be placed around the construction site, preventing plaintiff from completing its work as contracted. Based on the allegation that this picketing was a violation of the bargaining agreement and that the breach had caused plaintiff irreparable harm, the Chancery Court issued an injunction enjoining the picketing. Defendant thereafter perfected a timely removal to this court.

The pertinent provisions of 28 U.S.C. § 1441, under which the removal was effected, are as follows:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiff asserts, in support of its motion to remand, that this action does not arise within the purview of § 1441, and further asserts that 29 U.S.C. § 104 (§ 4 of the Norris-LaGuardia Act) denies this court jurisdiction in cases of this type. Such section, in pertinent part, is as follows:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

"(a) Ceasing or refusing to perform any work or to remain in any relation of employment;"

The sole question before the court is whether this court has original jurisdiction, within the meaning of 28 U.S.C. § 1441, of a claim arising out of a labor dispute affecting interstate commerce when the only relief prayed for is the issuance of an injunction prohibited by 29 U.S.C. § 104. The only Court of Appeals to consider this question has answered it negatively, American Dredging Company v. Local 25, Marine Division, International Union of Operating Engineers, 338 F.2d 837 (3rd Cir. 1964), cert. denied, 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965).[1] However, the weight of authority seems to this court to justify, if not demand, an affirmative reply. Publishers Association of New York City v. New York City Newspaper P. P. U., D.C., 246 F.Supp. 293 (1965); Tri-Boro Bagel Company v. Bakery Drivers Union Local 802, D.C., 228 F.Supp. 720 (1963); Crestwood Dairy, Inc. v. Kelley, D.C., 222 F.Supp. 614 (1963).

But for one distinguishing characteristic this case would be on all fours with Avco Corporation v. Aero Lodge No. 735, International Association of Machinists and Aero Space Workers, D.C., 263 F. Supp. 177, this District, wherein this

1. For analyses of this case see 65 Col.L.Rev. 907 and 78 Harv.L.Rev. 1665.

court denied remand on March 2, 1966. The distinguishing factor is that, in *Avco*, the complaint contained a prayer for an injunction and for general relief, whereas, in the case at bar, the prayer was only for an injunction. The court feels, however, that this is a distinction without a difference and that the general principles set forth in *Avco* are controlling here. Those principles will be restated briefly.

The starting point in consideration of this and similar actions is the language of 29 U.S.C. § 185 (§ 301 of the Taft-Hartley Act) which, in pertinent part, is as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In interpreting this statute, the Supreme Court held in Textile Workers Union of America v. Lincoln Mills of Ala., 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), that this section was a commission to the federal courts to fashion a body of federal substantive law, to be applied in actions arising out of collective bargaining contracts. In Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), the court held that this statute did not operate to divest the state courts of jurisdiction over a suit for violation of a contract between an employer and a labor organization, and that there was nothing in the concept of the federal system to prevent state courts from enforcing rights created by federal law. At that same term, speaking through Mr. Justice Stewart, the writer of the opinion in *Dowd Box*, the court held that, although there was concurrent jurisdiction between the federal and state courts in this area, the state courts must apply the federal substantive law as developed under the man-

date of this section, Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Company, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593.

■■ After considering these cases, this court held in *Avco*:

"* * * all rights and claims resulting from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law; state law does not exist as an independent source of private rights in regard to collective bargaining contracts."

That holding sufficiently disposes of plaintiff's first contention herein.

■ Plaintiff's second contention, that 29 U.S.C. § 104 deprives this court of jurisdiction herein, is likewise not on sound footing. It is true that this section of the Norris-LaGuardia Act prohibits the issuance of an injunction in a peaceful labor dispute by a "court of the United States." It is noted, however, that Norris-LaGuardia is not an unqualified prohibition against injunctions, since § 7 of that Act (29 U.S.C. § 107) specifies the circumstances under which an injunction may issue. When read together, these sections establish that Congress did not withdraw jurisdiction from the courts to grant injunctions in labor disputes but, instead, merely delineated those circumstances under which the remedy of injunction would or would not be available. As said by the United States District Court for the Eastern District of New York in *Crestwood Dairy*, supra, "Although each of the Act's inhibitions is framed as a denial of 'jurisdiction' to issue an injunctive order of the forbidden sort or in the forbidden circumstances, each inhibition necessarily assumes the existence of a 'case' of which the court has jurisdiction and which it must, and has the power to, adjudicate in accordance with the standards the Act imposes."

To attribute to Congress an intent to deprive the courts of the power to determine whether a particular set of circumstances falls within § 4 or § 7, when that

body was so careful to delineate the specific conditions necessary to satisfy the requirements for each of these sections, would create an anomalous condition indeed.

■■ There is an additional reason why it must be held that this court has jurisdiction. The mere fact that the complaining party requests a form of relief which the court could not grant should not determine jurisdiction. An alternative form of relief, i. e., damages, could be requested and there would be no doubt as to the court's jurisdiction, Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). How, then, can a party restrict the court's jurisdiction arising out of the same set of facts by merely choosing to request a form of relief which is not available?

Upon consideration, the court is of the opinion that the plaintiff's claim arises under the laws of the United States, and that the complaint states an action of which a district court has original jurisdiction.