Benne KATZ, Alfred Finkel, Murray Katz, and Allan Katz, d/b/a Williamsburg Steel Products Co., Plaintiffs,

v.

ARCHITECTURAL & ENGINEERING GUILD, LOCAL 66, AMERICAN FEDERATION OF TECHNICAL ENGINEERS, AFL–CIO, Defendant.

No. 66 Civ. 3888.

United States District Court
S. D. New York.
Dec. 5, 1966.

Raphael, Searles & Vischi, New York City, for plaintiffs; Sidney O. Raphael, Benjamin Gassman, New York City, of counsel.

Sipser, Weinstock & Weinmann, New York City, for defendant; I. Philip Sipser, Belle Harper, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs commenced this action in the Supreme Court of New York, New York County, alleging that defendant had violated the "no strike, no slowdown" provision of the collective bargaining agreement between the parties and seeking an injunction and damages by reason of such breach. The summons and complaint was served on the defendant on November 15, 1966. The day before—on November 14—plaintiffs obtained, *ex parte*, an Order to Show Cause for a preliminary injunction, returnable November 17, 1966, which Order contained a temporary restraining order enjoining picketing and work stoppages by defendant. On November 16 defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1446. Plaintiffs now move to remand the action to the State court pursuant to 28 U.S.C. § 1447, and defendant moves to vacate the temporary restraining order issued in the State court.

*Plaintiffs' Motion to Remand*

Since the complaint alleges that the defendant violated a collective bargaining agreement between the parties, this Court has original jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), (29 U.S.C. § 185). That plaintiffs are engaged "in an industry affecting commerce" is sufficiently shown in defendant's removal petition, and is not disputed by the plaintiffs. Old Dutch Farms, Inc. v. Milk Drivers & Dairy Employees Union Local 584, 222 F.Supp. 125 (E.D.N.Y. 1963); Minkoff v. Scranton Frocks, Inc., 172 F.Supp. 870 (S.D.N.Y.1959).

The provisions of the Norris-La Guardia Act (29 U.S.C. §§ 101–115) limiting the issuance of injunctions in labor disputes (see Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962)) do not affect the jurisdiction of the court under Section 301. Publishers Ass'n of N. Y. City v. New York Newspaper P. P. Union No. 2, 246 F.Supp. 293 (S.D.N.Y.1965); Crestwood Dairy, Inc. v. Kelley, 222 F.Supp. 614 (E.D.N.Y.1963); see Avco Corp. v. Aero Lodge No. 735, 263 F.Supp. 177 (M.D.Tenn.1966). Plaintiffs may not

defeat jurisdiction under Section 301 by stating in their papers that they are abandoning their claim for damages set forth in their complaint.

 Since jurisdiction is founded on the allegations of the complaint and will continue even though plaintiffs may not be able to prove the existence of a collective bargaining agreement, it may not be defeated by defendant's assertion that no such agreement existed at the time of the acts complained of. Genesco, Inc. v. Joint Council 13, 341 F.2d 482, 484 (2d Cir. 1965); Local 33, etc. v. Mason Tenders, 291 F.2d 496 (2d Cir. 1961).

For the foregoing reasons, plaintiffs' motion to remand must be denied.

### Defendant's Motion to Vacate the Temporary Restraining Order Issued in the State Court

 The temporary restraining order issued *ex parte* in the New York Supreme Court remains "in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. The provisions of the Norris-La Guardia Act preclude the issuance of an injunction and, accordingly, the Court has no alternative but to dissolve the temporary restraining order.

Plaintiffs' motion to remand is denied and defendant's motion to dissolve the temporary restraining order is granted.

Settle order on notice.