**56**

**SEA-LAND SERVICE, INC., Plaintiff,**

v.

**Paul HALL, individually and as President, and Al Kerr, as Secretary, of the Seafarers International Union of North America, Atlantic, Gulf, Lakes and Inland Waters District, AFL-CIO, Defendants.**

**No. 67 Civ. 4205.**

United States District Court
S. D. New York.

Nov. 6, 1967.

Zelby & Burstein, New York City, for plaintiff; Herbert Burstein, New York City, of counsel.

Schulman, Abarbanel & Kroner, New York City, for defendants; Joel Field, New York City, of counsel.

OPINION

WEINFELD, District Judge.

Plaintiff and the defendant union are parties to a collective bargaining agreement in an industry affecting commerce, which contains a "no-strike provision." Plaintiff, alleging a breach, commenced an action in the Supreme Court of the State of New York for an injunction enjoining the defendants from striking, or causing or advising a strike. An ex parte injunction was issued. The agreement contains an arbitration provision, but the arbitral procedure was not invoked by the plaintiff. The complaint does not seek money damages, but only injunctive and " \* \* \* other and further relief."

Although the complaint charges a violation of the collective bargaining agreement, it does not allege it is brought under section 301 of the Labor Management Relations Act.[1] The defendant filed a removal petition under section 1441 of Title 28, alleging that from the face of the complaint it appears the action in fact does arise under section 301 and that this court has original jurisdiction. The matter is now before the court on a motion by the plaintiff to remand to the state court, which is resisted by the defendants, who cross move to dismiss the complaint and to vacate the temporary restraining order.

The issue presented by these motions is whether an action commenced in the state court to enjoin a claimed breach of a no-strike provision in a collective bargaining agreement may be removed to a federal court.

The issue, of great importance in management labor relations, involves a consideration not only of the removal statute, section 1441 of Title 28 and section 301 of the Labor Management Relations Act, but also presents the question of whether section 4 of the Norris-LaGuardia Act,[2]

1. 29 U.S.C. § 185.

2. 29 U.S.C. § 104.

proscribing injunctions against peaceful concerted activities, held not repealed by section 301,[3] is now binding upon the state courts as part of the federal labor relations law, or, stating it alternatively, whether state law authorizing injunctions in labor disputes for violation of no-strike agreements, absent violence or other illicit conduct, is incompatible with the substantive federal labor law and hence unenforcible.

The Supreme Court is yet to speak on the subject. Those courts that have considered the removal issue and its related issues are sharply divided. The Third Circuit Court of Appeals, in American Dredging Co. v. Local 25, Marine Div., Int'l Union of Operating Eng'rs,[4] by a divided court, concluded that the federal district court is without jurisdiction where the action is based upon what it deemed a suit to enforce a state-created right under which the sole relief sought was an injunction restraining the violation of the no-strike pledge. Contrariwise, the Sixth Circuit, in Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,[5] expressly rejected the Third Circuit's reasoning in the *American Dredging* case and held that despite the fact that Norris-LaGuardia deprived the federal courts of equity power to grant injunctions in labor disputes unaccom-

panied by violence, the federal district courts have original jurisdiction of such suits, and that a remand would serve to defeat the purpose of a uniform and consistent labor law.

In our circuit there are district court decisions looking both ways. Three of my colleagues have concluded that actions such as are involved here are properly removable under section 1441 of Title 28,[6] whereas another colleague has held to the contrary.[7]

The views of the commentators are also as varied.[8] State courts that have addressed themselves to the issue, or its related aspects, are not entirely in accord, although, as may be suspected, the majority hold that since section 301 authorizes concurrent jurisdiction by the state courts, their power to grant injunctions is not impaired by section 4 of the Norris-LaGuardia Act upon the ground generally that its prohibition against labor injunctions is binding only upon the federal courts. Such was the general holding of California's highest court in McCarroll v. Los Angeles County Dist. Council of Carpenters,[9] but not without dissent. One state court has met head-on the issue of Norris-LaGuardia and held that its proscription is binding upon the state courts in a section 301 suit, since

---

3. Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

4. 338 F.2d 837 (3d Cir. 1964), cert. denied, 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed. 2d 822 (1965).

5. 376 F.2d 337 (6th Cir. 1967), cert. granted, 389 U.S. 819, 88 S.Ct. 103, 19 L.Ed.2d 68 (Oct. 9, 1967).

6. Sealtest Foods Div. of Nat'l Dairy Prods. Corp.—Branch 443 v. Conrad, 262 F.Supp. 623 (N.D.N.Y.1966) (Foley, C. J.) ; Publishers' Ass'n of New York City v. New York Newspaper Printing Pressmen's Union, 246 F.Supp. 293 (S.D. N.Y.1965) (Levet, J.) ; Tri-Boro Bagel Co. v. Bakery Drivers Union, 228 F. Supp. 720 (E.D.N.Y.1963) (Rosling, J.). See also Katz v. Architectural & Eng'r Guild, Local 66, 263 F.Supp. 222 (S.D. N.Y.1966) (Bonsal, J.) ; Crestwood

Dairy, Inc. v. Kelley, 222 F.Supp. 614 (E.D.N.Y.1963) (Dooling, J.).

7. New York Shipping Ass'n, Inc. v. International Longshoremen's Ass'n, 276 F.Supp. 51 (S.D.N.Y.1967) (Croake, J.).

8. E.g., compare Aaron, Strikes in Breach of Collective Agreements: Some Unanswered Questions, 63 Colum.L.Rev. 1027 (1963), with Moskowitz, Enforcement of No-Strike Clauses by Injunction, 46 B.U. L.Rev. 343 (1967).

9. 49 Cal.2d 45, 315 P.2d 322 (1957), cert. denied, 355 U.S. 932, 78 S.Ct. 413, 2 L. Ed.2d 415 (1958). See also C. D. Perry & Sons, Inc. v. Robilotto, 39 Misc.2d 147, 240 N.Y.S.2d 331 (Sup.Ct.1963); Shaw Elec. Co. v. International Bhd. of Elec. Workers, 418 Pa. 1, 208 A.2d 769 (1965).

**58**

that act is an integral part of the federal substantive labor law.[10]

The Supreme Court has granted certiorari in the Sixth Circuit case.[11] And while its decision should resolve the issue, the outstanding temporary restraining order issued by the state court against the union herein requires an immediate disposition of the pending motions.

With the matter so thoroughly considered by state and federal courts, no real purpose would be served by another analytical discussion of the problem. I have concluded, based upon the substance of the reasons set forth in those opinions favoring removal, particularly as elaborated in Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,[12] that the federal district court has original jurisdiction of this action and that it was properly removed.

In broadest outline, I am of the view that to allow the state courts to issue injunctions denied to the federal courts in section 301 cases would at once destroy the concept of a uniform federal law in collective bargaining cases in industries affecting commerce. A basic purpose of section 301(a) is to achieve a uniform national labor law, to assure which the state courts, although having concurrent jurisdiction in section 301 cases,[13] are mandated to apply federal substantive labor law.[14] In this circumstance, state injunctive process, which impairs the vitality of section 301, is rendered inoperative and must yield, since "Congress intended doctrines of federal labor law

uniformly to prevail over inconsistent local rules."[15]

The motion to remand to the state court is denied; the defendant's cross-motion to vacate the temporary restraining order is granted; the motion to dismiss the complaint is denied, since the court has jurisdiction to enforce the arbitration provisions of the agreement.[16]

10. Independent Oil Workers at Paulsboro v. Socony Mobil Oil Co., 85 N.J.Super. 453, 205 A.2d 78, 81–82 (1964).

11. 389 U.S. 819, 88 S.Ct. 103, 19 L.Ed. 2d 68 (Oct. 9, 1967).

12. 376 F.2d 337 (6th Cir. 1967). See also the dissenting opinions of Hastie, J., in American Dredging Co. v. Local 25, Marine Div., Int'l Union of Operating Eng'rs, 338 F.2d 837, 857–858 (3d Cir. 1964) and Carter, J., in McCarroll v. Los Angeles County Dist. Council of Carpenters, 49 Cal.2d 45, 315 P.2d 322, 336–339 (1957).

13. Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

14. Local 174, Teamsters Union v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

15. Id. at 104, 82 S.Ct. at 577.

16. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). See Sinclair Ref. Co. v. Atkinson, 370 U.S. 195, 213–14, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).