**KAYSER–ROTH HOSIERY COMPANY, INC., DAYTON DIVISION**

v.

**TEXTILE WORKERS UNION OF AMERICA AFL–CIO et al.**

Civ. A. No. 5271.

United States District Court
E. D. Tennessee, S. D.

May 17, 1968.

C. P. Swafford, Dayton, Tenn., Humphreys, Hutcheson & Moseley, Chattanooga, Tenn., for plaintiff.

Berke & Berke, Thrasher, Sherrill & Anderson, Chattanooga, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This cause of action 'is before the Court upon the plaintiff's motion to remand to the State Court. The plaintiff filed an original bill in the Chancery Court for Rhea County at Dayton, Tennessee, alleging that members of the defendant labor organization, including certain individuals also named as defendants, were congregating at the entrances to plaintiff's plant, threatening, assaulting, and laying hands upon other employees that work at plaintiff's plant. The original bill further alleged that the members of the defendant union were laying hands upon and seeking to overturn automobiles, were physically blocking access to the plant, were threatening, abusing, and intimidating employees of the plaintiff. The plaintiff seeks the following remedies: (1) an injunction against the alleged unlawful acts, (2) picketing be limited to two to an entrance, and (3) general relief. The defendants removed the action to this Court in accordance with 28 U.S.C. § 1441, alleging jurisdiction in this court under Section 301 of the Labor Management Relations Act of 1947 (Taft-Hartley Act), 29 U.S.C. Section 185. The plaintiff now seeks to remand for lack of jurisdiction.

Removal is controlled by 28 U.S.C. Section 1441, which provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.

The question before the Court is whether or not this Court would have had original jurisdiction of this action as a cause of action arising under the laws of the United States. The parties are in agreement that jurisdiction, if any, would arise under the Taft-Hartley Act, 29 U.S.C. Section 185. General matters of jurisdiction are set forth in subsection (a) of that statute as follows:

> Suits for violation of contracts between an employer and a labor organization representing employees, in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The defendants contend that other matters of jurisdiction are found in the statement from subsection (b):

> Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States.

The defendants further contend that the Court has jurisdiction under subsection (c), which provides:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which

such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

In the present lawsuit it is clear that no contract or collective bargaining agreement is involved under the allegations of the complaint. It is likewise clear that if jurisdiction is dependent upon subsection (a), the action must be a suit "for violation of contracts." Upon a diligent search of the cases the Court is unable to uncover a single case, wherein jurisdiction was solely predicated upon 29 U.S.C. Section 185, that did not involve an allegation of a contract or a collective bargaining agreement as the basis for the lawsuit. See Annot., 99 L.Ed. 529 (1955); 7 L.Ed.2d 959 (1962); 16 L.Ed. 2d 1143 (1967); Annot., 17 A.L.R.2d 614 (1951); Annot., 28 U.S.C.A. Section 185, note 228.

The defendants have cited Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); but the Supreme Court in that case stated:

> The heart of the complaint was a "no-strike" clause *in the collective bargaining agreement* by which "grievances" were to be settled amicably or by binding arbitration. Id. 88 S.Ct. at 1236, 20 L.Ed.2d at 128. (Emphasis added)

The Court then stated:

> The starting point is § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C. § 185, which we held in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448 [77 S.Ct. 912, 923, 1 L.Ed.2d 972], was fashioned by Congress to place sanctions behind agreements to arbitrate grievance disputes.

The Court further stated:

> It is thus clear that the claim *under this collective agreement* is one arising under the "laws of the United States" within the meaning of the removal statute. 28 U.S.C. § 1441(b). Id. at 130, 88 S.Ct. at 1237. (Emphasis added.)

The defendants also cite the decision of the lower court in the Avco case. In this regard it should be noted that the trial judge stated in both Avco Corp. v. Aero Lodge, 263 F.Supp. 177, 179 (M.D. Tenn., 1966) and in Oman Construction Co. v. Teamsters, Local 327, 263 F.Supp. 181, 183 (M.D.Tenn. 1966):

> All rights and claims resulting *from a collective bargaining agreement* in an industry affecting interstate commerce arise under federal law * * *. (Emphasis added)

The Court of Appeals for the Sixth Circuit stated in Avco Corp. v. Aero Lodge No. 735, 376 F.2d 337, 339–340 (6th Cir. 1967):

> Section 301 of the Labor Management Relations Act, 29 U.S.C., Section 185, confers jurisdiction upon the District Court without regard to diversity of citizenship or jurisdictional amount to enforce *collective bargaining agreements* in industries affecting interstate commerce. (Footnote omitted) (Emphasis added.)

The district court in Sea-Land Service, Inc. v. Hall, 276 F.Supp. 56 (S.D.N.Y. 1967), stated:

> The issue presented by these motions is whether an action commenced in the state court to enjoin a claimed breach of a no-strike provision in a *collective bargaining agreement* may be removed to a federal court.

In discussing the legislative history of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185, the Supreme Court in Textile Workers Union of America v. Lincoln Mills stated:

> Both the Senate Report and the House Report indicate a primary concern that unions as well as employees should be bound to collective bargaining contracts.

The Supreme Court quoted from the Senate Report, s. Rep. No. 105, 80th Cong. 1st Sess. p. 16:

> If unions can break agreements with relative impunity, then such agreements do not tend to stabilize industrial relations. The execution of an agreement does not by itself promote industrial peace. The chief advantage which an employer can reasonably expect from a collective labor agreement is assurance of uninterrupted operation during the term of the agreement.
>
> Without some effective method of assuring freedom from economic warfare for the term of the agreement, there is little reason why an employer would desire to sign such a contract.
>
> Consequently, to encourage the making of agreements and to promote industrial peace through faithful performance by the parties, *collective agreements affecting interstate commerce should be enforceable in the Federal Courts*. (Emphasis added.)

The Court further quoted from p. 17 of the Senate Report, supra:

> Statutory recognition of the collective agreement as a valid, binding, and enforceable contract is a logical and necessary step. It will promote a higher degree of responsibility upon the parties to such agreements, and will thereby promote industrial peace.

It would be possible to cite numerous other cases indicating that jurisdiction under 29 U.S.C. Section 185 is based on an allegation of a contract. For example in Genesco, Inc. v. Joint Council 13, United Shoe Workers, 341 F.2d 482, 484 (2d Cir. 1965), the Court stated:

> The court's jurisdiction was not in issue; even if the first cause of action were viewed alone, and apart from the allegation of diversity, *the claim of a contract* between an employer and a labor organization *gave jurisdiction* under § 301(a) of the Taft-Hartley Act, although the plaintiff must prove the existence of a contract to obtain relief. (Emphasis added.)

 From the cases, the legislative history, the clear language and intent of the statute, it is apparent that an allegation of a contract or agreement must be made before the Court will have original or removal jurisdiction based on

Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185. It is not necessary that the contract be a collective bargaining agreement. See Retail Clerks Intern Ass'n Local Union etc., v. Lion Dry Goods, 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962). But absent an allegation of some contract or agreement between the parties this Court would not have jurisdiction under 29 U.S.C. Section 185. Section 301 does not give the federal courts power to hear a controversy just because a "labor dispute" exists nor because of the identity of one of the parties as a "labor organization". With regard to subsection (b) of Section 301, the language relied upon by the defendants does not state an additional basis for jurisdiction, but only allows a union to sue or be sued as an entity. The Supreme Court stated in Textile Workers v. Lincoln Mills, supra, at 451–452, 77 S.Ct. at 915:

> From the face of the Act it is apparent that § 301(a) and § 301(b) supplement one another. Section 301(b) makes it possible for a labor organization, representing employees in an industry affecting commerce, to sue or be sued as an entity in the federal courts. Section 301(b) in other words provides the procedural remedy lacking at common law. Section 301(a) certainly does something more than that. Plainly, it supplies the basis upon which the federal district courts may take jurisdiction and apply the procedural rule of § 301(b).

With regard to subsection (c), this merely establishes a venue requirement and not an additional basis of jurisdiction. See United Rubber, Cork, Linoleum, and Plastic Workers, Local 102 v. Lee Rubber & Tire Corp., 269 F.Supp. 708 (D.N.J. 1967).

In the action before the Court there is no allegation of a contract or other agreement upon which jurisdiction under 29 U.S.C. Section 185 may be predicated. Accordingly the action should be remanded to the state court.

An order will enter accordingly.